THE CITY OF ARCOLA, Appellant, *vs.* MAGGIE WILKINSON, Appellee.

*Opinion filed February 20, 1908—Rehearing denied April 9, 1908.*

1. CONSTITUTIONAL LAW—*when ordinance imposing penalty for selling intoxicating liquors is not invalid.* An ordinance imposing the maximum penalty of $200 for selling intoxicating liquors is not unconstitutional as imposing a penalty disproportionate to the nature of the offense, since a city has power to act on the subject matter and power to impose the penalty, and within the limits of those powers has a wide discretion in determining what penalty shall be inflicted for violations of ordinances.

2. MUNICIPAL CORPORATIONS—*an ordinance fixing penalty need not contain express words prohibiting the act.* It is not essential to the validity of an ordinance imposing a penalty for selling intoxicating liquors that it shall contain language in express terms prohibiting such sale.

3. APPEALS AND ERRORS—*party's right to complain of ordinance is limited to its aspect as applied to his case.* One who is con-

victed of a violation of an ordinance upon proof that she sold intoxicating liquor as a beverage cannot question the validity of the ordinance as respects its prohibiting the sale or giving away of liquor for medicinal purposes, or as an act of humanity or hospitality, or as applied to possible conditions not involved in her case.

4. SAME—*party cannot urge new objections to evidence on appeal.* A party cannot, upon appeal, urge specific objections to the admissibility of an ordinance in evidence which were not made in the trial court, and which, had they been made, might have been obviated by amendment.

APPEAL from the Circuit Court of Douglas county; the Hon. SOLON PHILBRICK, Judge, presiding.

CHARLES N. DOLSON, E. L. WALKER, and H. A. NEAL, for appellant.

ECKHART & MOORE, and EDWARD C. & JAMES CRAIG, JR., for appellee.

Mr. JUSTICE FARMER delivered the opinion of the court:

This was an action of debt brought by appellant in the circuit court of Douglas county, against appellee, to recover penalties provided by an ordinance of appellant for a violation thereof by selling intoxicating liquors within the corporate limits of appellant. The ordinance is set out *in hæc verba* in the first count of the declaration, and so much of it as is necessary to be considered reads as follows:

"Section 1. *Be it ordained by the city council of the city of Arcola:* That whoever shall, by himself or another, either as principal, clerk or servant, directly or indirectly, sell or give away any intoxicating, malt, vinous, mixed or fermented liquors, shall upon conviction be fined two hundred ($200) dollars for each offense.

"Sec. 2. Any shift or device to evade section 1 of this ordinance shall be held to be a violation of said section."

All the counts of the declaration charge appellee with the violation of said ordinance by selling, on different dates

named, intoxicating and malt liquors in the city of Arcola, whereby an action accrued to said city to demand of the appellee the sum of $200 as a penalty for such violations. Appellee filed the general issue. A jury was empaneled and sworn and the trial entered upon. One witness was sworn and testified for appellant. This witness testified that after the 10th day of July, 1906, and before the 30th of March, 1907, he bought whisky from appellee, at her house in the city of Arcola, as many as a dozen times, and paid her ten and fifteen cents per drink therefor.

. When appellant offered the ordinance in evidence declared on in the declaration, appellee objected to it. One of the grounds of the objection was, that it violated section 11 of article 2 of the constitution, which provides that "all penalties shall be proportioned to the nature of the offense." Other grounds of the objection were, that the ordinance does not purport to prohibit the sale of intoxicating liquors, but only provides a penalty for such sale; also because it provided a penalty against a person for a sale by his clerk or servant, and also because the ordinance was not properly proven. The court sustained appellee's objection to the introduction of the ordinance and directed the jury to return a verdict for defendant, which it accordingly did. Appellant thereupon entered a motion for a new trial, which the court overruled and rendered judgment on the verdict, and appellant has prosecuted this appeal direct to this court under a certificate of the trial court that the validity of a municipal ordinance is involved and in his opinion the public interest required the appeal to be taken direct to this court. (Practice act of 1907, sec. 118.)

The forty-sixth clause of section 1, article 5, chapter 24, Hurd's Statutes of 1905, confers power upon cities "to license, regulate and prohibit the selling or giving away of any intoxicating, malt, vinous, mixed or fermented liquor," etc. The ninety-sixth clause of the same article confers power upon cities "to pass all ordinances, rules, and make

all regulations, proper or necessary, to carry into effect the powers granted to cities or villages, with such fines or penalties as the city council or board of trustees shall deem proper: *Provided,* no fine or penalty shall exceed $200 and no imprisonment shall exceed·six months for one offense."

Appellee's contention is, that in providing only the maximum penalty that could be imposed by the ordinance for its violation, no difference what the circumstances of the violation might be shown to have been, it violated the constitutional provision requiring all penalties to be proportioned to the nature of the offense. We cannot agree with this contention. While it may be possible to imagine cases where the imposition of the extreme penalty allowed by law would be an unreasonable exercise of the power conferred upon cities to adopt ordinances providing penalties for their violation and where the penalty imposed would not seem to be proportioned to the nature of the offense, still, in a large measure, penalties imposed for violations of ordinances must rest within the discretion of the municipal authorities. The mere fact that the maximum penalty is imposed in any case does not make the ordinance void. In the very nature of things, severer penalties would be provided for the commission of some offenses than for others of a less serious character. Within the limits of the power conferred by statute municipal authorities have a large discretion in providing penalties for the violation of ordinances. The object of the penalty is two-fold: it is intended as a punishment to the violator, and also as an example and warning to deter others from like violations. The legislature having authorized cities to prohibit the sale of intoxicating liquors within their limits, it is for the city council to determine, within the limits of the authority conferred upon it, what penalties shall be inflicted for the sale of intoxicating liquors in violation of ordinances prohibiting such sale.

The principles announced in *People ex rel.* v. *State Reformatory,* 148 Ill. 413, are applicable here. The difference

between that case and this is, that there the question was as to whether the punishment provided by statute, instead of an ordinance, was in conflict with section 11 of article 2 of the constitution. In that case the court said (p. 421) : "For very many years the statute of this State has been such that the punishment for burglary might extend to a term of imprisonment of twenty years, and the validity of such statute has not been, and could not successfully be, called in question. And even if the statute fixing the punishment for burglary was such as that it imposed an absolute penalty of twenty years' imprisonment upon every conviction for such crime, its validity could not on that ground be impeached. When the legislature has authorized a designated punishment for a specified crime it must be regarded that its action represents the general moral ideas of the people, and the courts will not hold the punishment so authorized as either cruel and unusual, or not proportioned to the nature of the offense, unless it is a cruel or degrading punishment not known to the common law, or is a degrading punishment which had become obsolete in the State prior to the adoption of its constitution, or is so wholly disproportioned to the offense committed as to shock the moral sense of the community. (See *In re Bayard,* 25 Hun, 546.) Neither the infliction of twenty years' imprisonment for the crime of burglary, nor the infliction for the violation of any provision of the Criminal Code of the maximum quantity of the usual punishment for such violation, falls within either of these categories. We think that from the fact that the statute here in question imposes the maximum term of imprisonment provided by law for the crime for which the prisoner is convicted, it does not follow that such statute is in violation of the constitutional requirement that all penalties shall be proportioned to the nature of the offense."

*Pervear* v. *Commonwealth,* 5 Wall. 475, was an indictment under the laws of the State of Massachusetts charging defendant with keeping and maintaining a tenement for the

illegal sale of intoxicating liquors. One of the defenses was that the law of Massachusetts was in conflict with the constitution of the United States, in that the punishment provided for the offense charged in the indictment was cruel, excessive and unusual. What the provisions of the Massachusetts statute were does not appear in the statement of the case nor in the opinion, but the defendant was found guilty and sentenced to pay a fine of $50 and to imprisonment at hard labor in a house of correction for three months. The court, by Chase, C. J., said: "We perceive nothing excessive or cruel or unusual in this. The object of. the law was to protect the community against the manifold evils of intemperance. The mode adopted, of prohibiting, under penalties, the sale and keeping for sale intoxicating liquors without license is the usual mode adopted in many, perhaps all, of the States. It is wholly within the discretion of State legislatures."

In *Covington* v. *City of East St. Louis,* 78 Ill. 548, this court said: "The General Assembly, since the organization of our State government, has possessed power to delegate legislative authority incident to municipal government to cities, towns and villages; but since the adoption of the present constitution this can only be done by general law, uniform in its operation. When, however, it is done by such law, the constitutional mandate is fully complied with, and the ordinances to be adopted by different municipalities, under the power so conferred, may be as variant in their terms as the varying municipal necessities or sense of public policy in those who exercise legislative authority may require."

Another reason urged why this ordinance should be held invalid is, that if a servant, in the absence of the master and without his knowledge, give another a drink of intoxicating liquor the master would be liable for the full penalty of the ordinance; and it is also urged that the ordinance prohibits the sale of liquor for medicinal purposes on the prescription of a physician, or giving a drink to a wounded

man as an act of humanity, or to a guest in one's house as
an act of hospitality. None of these questions arise upon
this record. This prosecution was not brought to recover
a penalty for a sale or gift of liquor made by a servant, or
for medicinal purposes, nor for giving it to another as an
act of humanity or hospitality. The declaration charges
that the appellee on divers days sold intoxicating and malt
liquors in the city of Arcola, in violation of the ordinance.
The proof made by the one witness who testified was that
she sold whisky to him as many as a dozen times, for ten
and fifteen cents a drink, and she is in no position to ques-
tion the validity of the ordinance as applied to possible con-
ditions suggested by counsel.

In *Jones* v. *People,* 14 Ill. 196, defendant was indicted
and convicted for selling intoxicating liquor to be drank in
a house occupied by him. One section of the act of 1851,
under which he was indicted, provided for the recovery of
fines imposed by the act, either by indictment, or by an
action of debt, in the name of the People, before a justice
of the peace. It was urged in this court that the act under
which the defendant was indicted and convicted was invalid
because it authorized the collection of a fine by an action
of debt before a justice of the peace, and this would de-
prive a party of a right of trial by jury. The court said:
"It is a sufficient answer to this objection that the defend-
ant was not so proceeded against. He was indicted in the
circuit court and had all the benefits of a jury trial, after
which it surely does not lie in his mouth to complain that
by another provision of the law he might have been pro-
ceeded against in a manner that would have been obnoxious
to a constitutional objection."

In *Kettering* v. *City of Jacksonville,* 50 Ill. 39, it was
said: "The facts which are presented by the record not
only show a violation of the terms of the ordinance, but a
violation of such a character as to be clearly within the con-
stitutional reach of the city prohibition. The ordinance may

be too comprehensive in its provisions and cover cases which the city has no power to control, but that is no reason why we should refuse to enforce it in cases over which the power of the city is unquestionable."

We do not wish to be understood as holding or intimating that this ordinance is invalid in any of its provisions in its application to any case to which it could be reasonably held to have been intended to apply, but only that whether it would be valid as applied to possible cases suggested can not be raised by appellee upon this record. It has been repeatedly held that an ordinance may be valid in part and invalid in part. *Harbaugh* v. *City of Monmouth,* 74 Ill. 367; *City of Quincy* v. *Bull,* 106 id. 337.

It is further insisted the court properly refused to admit the ordinance in evidence because it was not certified and proven in the manner required by the statute. On the trial a copy of the ordinance, certified to by Charles Bogue, city clerk, whose certificate was followed by another certificate of Harry E. Schwanz, city clerk, was offered in evidence. The certificate of Charles Bogue was not under the corporate seal of the city. The certificate of Schwanz recited that he had compared the copy with the original on file in his office, that it was correct, and that the certificate of publication attached to the copy was a correct copy of the certificate of publication attached to the record of the ordinance in his custody. This certificate was under the corporate seal, but appellee contends that the certificate referred to by Schwanz is the certificate of Bogue, and that certificate not being under the corporate seal the ordinance was not proven in the manner prescribed by the law. We do not think the specific objection raised by counsel in their brief and argument was made in the trial court. The objection there made was, that the ordinance was not properly proved; that the certificates of its passage and publication were defective and not in compliance with the statute. That the certificate of Bogue was not under the corporate seal of the city was not

233—17

mentioned, and no attempt was made by counsel to point out wherein the certificates of the passage and publication of the ordinance were defective and failed to comply with the statute. If the certificates were defective in the manner now claimed by counsel, the defects were of a character that could have been obviated if they had been pointed out at the time. This not having been done, the question cannot now be raised here. (*Doyle* v. *Village of Bradford,* 90 Ill. 416; *Chicago and Eastern Illinois Railroad Co.* v. *People,* 120 id. 667.) Moreover, it is apparent that the trial court's refusal to admit the ordinance in evidence was not on the ground that it was not properly proven, but was on the ground that the ordinance was invalid. This appears from the certificate of the trial judge, made in pursuance of section 118 of the Practice act of 1907.

The objection that because the ordinance does not contain express words prohibiting the sale of intoxicating liquors, but only provides a penalty for selling, it is therefore invalid, is of no force. Appellee had no right to sell intoxicating liquors in the city of Arcola unless authorized to do so. Such authority could only exist by permission from said city, and it is no more necessary that an ordinance fixing a penalty for the sale of intoxicating liquors shall contain a recital that no such sale shall be made, than it is for the various provisions of our Criminal Code fixing the punishment for certain offenses to contain express words prohibiting the commission of such offenses.

In our opinion the court erred in sustaining appellee's objection to the ordinance and in directing a verdict in her favor and rendering judgment thereon. The judgment will therefore be reversed and the cause remanded.

*Reversed and remanded.*