The People v. Robinson, 195 Ill. App. 641.

## Abstract of the Decision.

DRUGGISTS, § 9*—*when evidence insufficient to warrant conviction for unlawfully selling cocaine.* In a prosecution charging defendant with illegal sale of cocaine, where it appeared that a person handed defendant money which he asked defendant to keep for him, and then stepped behind the counter of defendant's drug store and took a bottle of cocaine, after which defendant returned his money at his request, a judgment of conviction *held* not sustained by the evidence, it not appearing affirmatively that defendant knew of such taking or that there was a secret understanding between defendant and said person to effect an illegal sale.

## The People of the State of Illinois, Defendant in Error, v. E. Robinson, Plaintiff in Error.

## Gen. No. 21,195.   (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. JOHN R. CAVERLY, Judge, presiding.   Heard in the Branch Appellate Court at the March term, 1915.   Reversed and remanded.   Opinion filed December 21, 1915.

## Statement of the Case.

Prosecution by the People of the State of Illinois against E. Robinson, defendant, in the Municipal Court of Chicago, charging defendant with obtaining money by false pretenses.   The complaint charged that defendant "did unlawfully and fraudulently with intent to cheat and defraud by certain false representations or pretenses, obtain from one Gus Schreiber the sum of One Hundred Dollars ($100) lawful money," etc. To reverse a judgment of conviction, defendant prosecutes this writ of error.

BENJAMIN E. COHEN, for plaintiff in error.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

MACLAY HOYNE, for defendant in error; EDWARD E. WILSON, of counsel.

MR. JUSTICE BARNES delivered the opinion of the court.

## Abstract of the Decision.

1. FALSE PRETENSES, § 28*—*when information insufficient.* In a prosecution charging defendant with money by false representations or pretenses, an information wherein it is not alleged that such representations were made, the nature of them, that defendant knew they were false, and that the person defrauded believed them to be true, or wherein all such facts are included in or expressly implied from other averments in the information, is fatally defective for the reason that all such facts are essential elements of the offense charged.

2. FALSE PRETENSES, § 28*—*when information insufficient.* An information under section 6 of division 11 of the Criminal Code (J. & A. ¶ 4105), charging that defendant "did unlawfully and fraudulently with intent to cheat and defraud" obtain money from a person named, by false representations, *held* fatally defective in that such complaint omitted the word "knowingly" as provided by the statute, and used no equivalent word therefor, the words of the information being insufficient to allege scienter.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.