THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* MICHAEL ELLIOTT *et al.* Plaintiffs in Error.

*Opinion filed April 20, 1916.*

1. CRIMINAL LAW—*witness may point out the person who made sale of intoxicating liquor.* Where some of the witnesses testifying to the sales of intoxicating liquor in anti-saloon territory do not know the name of the person making the sales, it is not error to permit them to point out in court the defendant who made the sales.

2. SAME—*evidence of sales of liquor by employees of the defendants is competent.* On a trial for the sale of intoxicating liquor in anti-saloon territory of the persons who had charge of the premises and managed the business, evidence of sales of liquor by the employees of such persons is competent, as all engaged in such business are guilty as principals.

3. SAME—*counsel have no right to make accusations against the trial judge not borne out by the record.* Counsel have the right to make any fair criticism of the trial judge concerning matters shown by the record, but they have no right to make unjust accusations not borne out by the record.

4. SAME—*provision of Federal constitution against cruel punishment does not apply to legislation by the States.* The provision of the Federal constitution against cruel and unusual punishments does not apply to legislation by the States but is restricted to the Federal government, its officers and agents.

5. SAME—*constitutional provision that penalty shall be proportioned to nature of offense is directed to legislature.* The provision of the Illinois constitution that "all penalties shall be proportioned to the nature of the offense" is directed to the law-making power, which alone can determine what acts shall be regarded as criminal and how they shall be punished.

6. SAME—*when constitutional provision as to punishment does not apply.* The State may join misdemeanors of the same character in the same indictment and the court may fix separate punishments upon each count on which there is a conviction, but in determining whether the punishment is proportionate to the nature of the offense each count must be considered by itself, as the constitutional provision does not apply to the aggregate of the punishments inflicted for different offenses.

7. SAME—*punishment authorized by law will be upheld unless the law itself is invalid.* A punishment authorized by law cannot be

said to be disproportionate to the nature of the offense unless the law itself is subject to that objection, and to justify holding a law invalid on that ground there must be a clear violation of the constitutional provision.

8. SAME—*what not ground for holding the punishment disproportionate to the offense.* The court may, in its discretion, inflict a punishment of both fine and imprisonment, within the limits prescribed by the law, for each count of an indictment for selling liquor in anti-saloon territory upon which there is a conviction and may make the terms of imprisonment run successively; and the fact that the defendant has been guilty of so many violations of the law that the total term of his imprisonment is large does not afford ground for holding the punishment disproportionate to the offense.

9. SAME—*statute prescribing penalty for unlawful sales of liquor is valid.* The statute prescribing the penalty for unlawful sales of liquor is valid, and the validity of sentences thereunder is not affected by the fact that there were numerous violations of the law and cumulative penalties.

10. SAME—*judgment of conviction for unlawful sales of liquor is several as to each count.* A judgment of conviction on an indictment for numerous offenses of selling intoxicating liquor in anti-saloon territory is several as to each count upon which a conviction is had, and it is proper to sentence the defendants to pay a fine and serve a term of imprisonment upon each count.

11. SAME—*what is required where a sentence is for cumulative terms of imprisonment.* Where a sentence is for cumulative terms of imprisonment under several counts of the indictment the sentence should provide for a specified time of imprisonment under each count, the time under the second count to begin when the time under the first ends, and so on to the last, so that the term of imprisonment under one count shall begin when the term under the previous one ends.

12. SAME—*rule where only error is in the sentence.* Where the only error on the trial of persons for selling liquor in anti-saloon territory is in the form of the sentence as respects the cumulative terms of imprisonment, the cause will not be sent back for new trial but the judgment will be reversed with leave to the State's attorney to move for, and directions for the trial court to enter, a proper judgment on the verdict.

13. SAME—*provision that the sentences shall run consecutively means successively.* A provision in a judgment that the jail sentences on several counts shall run consecutively means that they shall run successively.

272 — 38

WRIT OF ERROR to the Appellate Court for the Third District;—heard in that court on writ of error to the Circuit Court of Macon county; the Hon. W. K. WHITFIELD, Judge, presiding .

J. C. LEE, and FRED HAMILTON, for plaintiffs in error.

P. J. LUCEY, Attorney General, JESSE L. DECK, State's Attorney, and GEORGE P. RAMSEY, (CHARLES F. EVANS, of counsel,) for the People.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

Michael Elliott and Otho Jennings, plaintiffs in error, and James Howe and Richard Smith, were indicted in the circuit court of Macon county for selling intoxicating liquor in the town of Decatur, alleged to be anti-saloon territory. There were seventy-one counts in the indictment, the first seventy being for the unlawful sale of intoxicating liquor and the seventy-first for keeping a place where intoxicating liquor was unlawfully sold. James Howe and Richard Smith were not apprehended, but Michael Elliott and Otho Jennings, the plaintiffs in error, were tried and found guilty on each of the seventy-one counts. Judgment was entered by the court on the verdict, sentencing each of the plaintiffs in error to pay a fine and to imprisonment in the county jail under each count. The record was removed to the Appellate Court for the Third District by a writ of error, and the judgment having been affirmed, the record has been brought to this court by writ of error.

Taking up the questions raised by counsel for plaintiffs in error, not in the order of their argument but in the order of the events occurring on the trial, the first alleged error to be noticed is that there was no proper proof that the town of Decatur was anti-saloon territory. A witness testified that he was town clerk of the town of Decatur; that

he had in his office the record of the election in the town upon the proposition "shall this town become anti-saloon territory;" that the result of the election was found on certain pages of said record, which was then produced; that the record was a well-bound book and the entry the original record, and the signature at the bottom of the page where the result was recorded was the genuine signature of the town clerk. The record showed a majority of 1745 for the proposition, and being offered in evidence it was objected to and the objection overruled. The abstract shows merely a general objection, without specifying its nature, but counsel say in argument that the objection was a lack of proof that the record was in the exclusive possession of the town clerk. The general objection was without force, and if the objection had been as now stated in the argument there was no error in overruling it, since the proof was full and sufficient under the requirements of section 7 of the act in reference to anti-saloon territory. (Laws of 1903, p. 164.) The town of Decatur became anti-saloon territory on May 7, 1914, and the indictment was returned on October 12, 1914.

The next alleged error is that the venue was not proved. On that question the abstract shows the testimony of a witness who said that he knew the defendant Michael Elliott and his place of business at No. 245 East Main street, and as to its location he testified as follows: "It is in the town of Decatur, county of Macon, State of Illinois." All the testimony related to sales by defendants and their bartenders in that place of business. The venue was proved.

It is alleged that the court made several erroneous rulings in the introduction of evidence. A witness whose place of business was near the premises of the defendants testified that, with the exception of two or three weeks when Elliott was away, there was hardly a day when there were not twenty or thirty cases of beer hauled to the back door of the defendants' place of business and taken inside.

During a prolonged cross-examination, covering twenty-five pages of the record, it appeared that there was a division fence about six feet high between the place of business of the witness and the defendants' premises, in which there was an opening about eight feet wide. The court stopped further cross-examination about the height of the fence because the witness had said that he saw through the gap in the fence. The same witness said that he saw the name "Leisy Beer" on the cases, and the court sustained an objection when the witness was asked to spell the name Leisy. The cross-examination went beyond all reasonable limits, and the court did not err in curtailing it when an effort was made to ascertain the extent of the witness' education. These objections and rulings are not shown by the abstract and the alleged errors might have been disregarded for that reason, but we have taken the statement of counsel as to what occurred. Some witnesses testified to sales but did not know the name of the person selling the liquor. The court allowed such witnesses to point out the person making the sale, and they pointed to one or the other of the defendants, which counsel say was an error of the court. They give no reason for their claim and we do not think of any. It is further contended that error was committed in allowing leading questions to be put to the witnesses. The questions were of this nature: Witnesses were asked whether they ever had occasion to visit the place of business of the defendants and if they saw the defendants in that place. The questions merely directed the attention of the witnesses to the matter being tried and they were not suggestive or leading in any proper sense. It is contended that the court erred in admitting testimony of sales made at the bar by persons other than the two defendants on trial. The defendants had charge of the premises and managed the business and the other persons were acting as bartenders. All were guilty as principals. (*Stevens* v. *People,* 67 Ill. 587; *Johnson* v. *People,* 83 id. 431.) The proof

that the defendant's were 'assisted by others in selling the liquor was competent. There was no error in any ruling on the evidence.

In the argument counsel denounce the trial as a farce and criticise the trial judge as partial and unfair. Counsel have a right to make any fair criticism of a judge concerning matters shown by the record but they have no right to make unjust accusations not borne out by the record and when made they do not tend to advance the cause which they are intended to serve. The rulings on the trial were fair and impartial. A fair sample of matter complained of is, that when the counsel for the defendants made an offer of proof the judge suggested to him that the proper way was to ask questions and let the court rule on them. The court was right.

It is urged that the court erred in giving instructions to the jury, and the material objection is that the instructions stated the statutes relating to the sale of intoxicating liquors, including the giving away or delivering liquor or other shift or device for the purpose of evading the law, sales by a clerk or servant, and the provision of the Criminal Code as to accessories. The objection is that many of these provisions were not applicable to any evidence. The defendants had bar-tenders who made sales as clerks or servants of the defendants. One witness called for ginger ale and was served with whisky, (which is a favorite shift or device,) and one witness who did not buy liquor but helped to unload liquor was given a glass of whisky in exchange for his labor. The instructions were applicable to the case and stated the law in the language of the statutes. There was no error in ruling on the instructions.

It is contended that the evidence did not support the verdict, but that is not so. The evidence introduced by the People was uncontradicted. The defendants occupied premises at No. 245 East Main street, in the city of Decatur. Near the front of the room there was a cigar case, back

of which the bar extended. The back part was partitioned off, and there was a door to the saloon which was kept locked. The defendant -Elliott was usually at the cigar case and when customers came they would knock on the door. Elliott looked them over, and if he thought it safe to admit them he pulled a string, which unlocked the door and admitted them to the bar, where both defendants and the bar-tenders served them with beer or whisky. If some person came to the door who was not regarded as a safe customer Elliott would tell him to get out,—that there was "nothing doing;" and if an undesirable person got into the bar-room and was detected or one was doubted he was not permitted to have any liquor. Whenever one came to the door, either Elliott at the cigar case or some person who came from behind the bar would inspect him and admit him or not, as it was considered safe or unsafe. More than one hundred sales of intoxicating liquors were directly proved, and witnesses who bought liquor testified that there were large numbers of persons lined up at the bar, drinking or standing there and talking, and one witness said he had seen fifty or sixty people drinking there at different times. Elliott would not sell to one witness, saying he would not take any more chances on him, and there is neither any question about the guilt of the defendants nor that they were convicted on only a portion of the offenses committed against the law.

It is argued that the punishment inflicted upon the defendants was cruel, unusual and excessive, in violation of the constitution of the State of Illinois and the constitution of the United States. The constitution of the United States provides that excessive bail shall not be required nor excessive fines imposed nor cruel nor unusual punishments inflicted. But that provision does not apply to legislation by the States. It is restricted exclusively to the Federal government, its courts and officers. (*Barron* v. *Baltimore,* 7 Pet. 243; *Spies* v. *Illinois,* 123 U. S. 166; *In re Kemm-*

*ler,* 136 id. 436; *McDonald* v. *Commonwealth,* 173 Mass. 322; 12 Cyc. 963; 6 Am. & Eng. Ency. of Law,—2d ed.— 961.) Our constitution does not contain that provision, but the provision of our bill of rights is, "all penalties shall be proportioned to the nature of the offense." The provision is directed to the law-making power, which alone can determine what acts shall be regarded as criminal and how they shall be punished. The provision requires that the penalty prescribed for a criminal offense shall be in proportion to the nature of the offense, and while it is incumbent upon the courts to maintain and give effect to the constitutional requirement, there must be a clear violation of the provision to justify holding an act invalid. An act was held in violation of the constitutional provision which provided for forfeiture of franchises of a railroad company on account of discrimination on its part. (*Chicago and Alton Railroad Co.* v. *People,* 67 Ill. 11.) On the other hand, laws and ordinances imposing penalties quite severe in their nature have been held not to violate the constitutional requirement. (*Chicago, Rock Island and Pacific Railway Co.* v. *People,* 217 Ill. 164; *People* v. *Baltimore and Ohio Southwestern Railroad Co.* 246 id. 474.) In the case of *City of Arcola* v. *Wilkinson,* 233 Ill. 250, the city of Arcola by ordinance imposed a penalty of $200 for each offense of selling intoxicating liquor, and it was held the penalty was not disproportionate to the nature of the offense. The Criminal Code prescribes imprisonment in the penitentiary for a term of not less than five years nor more than twenty years for the crime of burglary. The legislature enacted a statute providing for an indeterminate sentence, which should be a sentence for the maximum term in every instance, and this court held that such a sentence was not disproportionate to the offense. (*People* v. *Illinois State Reformatory,* 148 Ill. 413.) The penalty prescribed by the legislature for the sale of liquor in anti-saloon territory is a fine of not less than $20 nor more than $100, or imprisonment in the

county jail for not less than ten days nor more than thirty days, or both, in the discretion of the court. The sentences against the defendants were for both fines and imprisonment on each count, which was a matter resting within the discretion of the court and authorized by the law. If the statute was valid the punishment was not disproportionate to the nature of the offense. There was no reason whatever for any leniency toward the defendants, who were knowing and willful violators of the law. The only reason that the fines aggregate a large sum and the imprisonment is for a long period is because there were so many violations of the law prosecuted under one indictment, but the punishment under each count must be considered by itself. The State may join misdemeanors of the same character in the same indictment and the court may fix separate punishment upon each count on which there is a conviction. (*Borschenious* v. *People,* 41 Ill. 236; *Kroer* v. *People,* 78 id. 294.) This practice has been approved by this court rather than to require separate indictments for each offense. The constitutional provision does not apply in any manner to the aggregate of the punishments inflicted for different offenses. In the case of *State* v. *O'Neil,* 58 Vt. 140, the defendant was found guilty of 307 offenses of selling liquor. The punishment was $6140, made up of $20 for each offense, and one month's imprisonment. It was contended that the sentence violated a constitutional inhibition of cruel and unusual punishment and excessive fines. The court said that if the defendant had subjected himself to severe punishment it was because he had committed a great many offenses; that it would scarcely be competent for a person to assail the constitutionality of a statute prescribing a punishment for burglary on the ground that he had committed so many burglaries that if punishment were inflicted for each he might be kept in prison for life, and that the mere fact that cumulative punishments may be imposed for different offenses in the same prosecution was not material.

If section II of the bill of rights, requiring that penalties shall be proportionate to the offense, is equivalent to a prohibition against cruel or unusual punishments, courts have never held a punishment authorized by the legislature to be either cruel or unusual or not proportioned to the nature of the offense unless it was a barbarous punishment not known to the law or so wholly disproportionate to the nature of the offense as to shock the moral sense of the community. It was held in *State* v. *Whitney,* 105 Mich. 622, that the statute providing a fine of not less than $50 nor more than $200, or imprisonment in the county jail not less than twenty days nor more than six months, for the first offense of an illegal sale of liquor, and for every subsequent offense a fine of not less than $100 nor more than $500 and imprisonment in the State's prison for not less than six months nor more than two years, did not impose excessive fines nor cruel and unusual punishments. Punishment for violation of the Local Option law of Missouri by a fine of $300 and imprisonment for 365 days is not cruel and unusual. (*Ex parte Swann,* 96 Mo. 44.) A fine and costs amounting to $4000, which would cause imprisonment for twelve years for non-payment, is not a cruel and unusual punishment. (*Ex parte Brady,* 70 Ark. 376.) Also in the following cases the punishment was held not cruel and unusual: Two years in the county jail. (*State* v. *Dowdy,* 145 N. C. 432.) A fine of not less than $100 nor more than $500, or imprisonment in the county jail not less than ninety days nor more than one year, or both, for an illegal sale by a druggist. (*Luton* v. *Palmer,* 69 Mich. 610.) A fine of not less than $100 nor more than $500, and imprisonment in the county jail not less than sixty days nor more than six months, for an illegal sale. (*State* v. *Becker,* 3 S. D. 29.) A maximum term of imprisonment for one year and a fine of $300, and on failure to pay the fine, imprisonment not to exceed three years. (*State* v. *Hodgson,* 66 Vt. 134.) A fine of $300 and ninety days

in the county jail for an illegal sale. (*State* v. *Barnes,* 3 N. D. 319.) A fine of not less than $50 nor more than $250, and imprisonment in the county jail for not less than six nor more than twelve months, for entering a place where liquor is sold, except a drug store. (*State* v. *Woodward,* 69 S. E. Rep. [W. Va.] 385.) A fine of $500 and a sentence to work on the streets for thirty days. *Loeb* v. *Jennings,* 133 Ga. 796; 18 Ann. Cas. 376.

If the punishment prescribed by the legislature for the illegal sale of liquor is not proportionate to the offense the law itself is void because prohibited by the bill of rights and no punishment at all can be inflicted for the offense. In such a case the vice is in the law itself, and the law being void, the sentence cannot be modified on appeal so as to remove the objection or make the law valid. (*Weems* v. *United States,* 217 U. S. 349; 19 Ann. Cas. 705.) In view of the decisions of other courts, and especially of the decisions of this court in *City of Arcola* v. *Wilkinson, supra,* that a penalty of $200 for each unlawful sale is not disproportionate to the nature of that offense, and in *People* v. *Illinois State Reformatory, supra,* that a sentence for the maximum term of imprisonment for any offense is not disproportionate to the nature of the offense, it is clear that the statute under which the defendants were sentenced does not infringe the constitutional provision. The statute prescribing a penalty for unlawful sales of liquor is valid, and the validity of the sentences is not affected by the fact that there were numerous violations and cumulative penalties. The statute being valid and the sentences within its terms, the judgment cannot be reversed on the ground that this court would have imposed less severe sentences, but we regard the sentences as unnecessarily severe for the accomplishment of the purposes of the law.

So far as the fines are concerned, the sentences were correct under the rule of *Borschenious* v. *People, supra,* where it was held that such a judgment is a several judgment up-

on each count of the indictment. Objection is made to the sentences on the ground that the term of imprisonment on each count should have been so fixed that the imprisonment on the several counts should commence at the expiration of each succeeding term. The sentence as to imprisonment of each defendant was, that he should be confined in the county jail of Macon county for a period of ten days on each of the first seventy counts and a period of twenty days on the last or seventy-first count and that the jail sentences should run consecutively, making a total of 720 days in jail. The rule established by this court is, that where a defendant is sentenced upon different indictments or different counts of the same indictment, the correct method of entering judgment is not for the total time in gross but for a specified time under each count, the time under the second to commence when the first ends, and so on to the last. (*Mullinix* v. *People*, 76 Ill. 211; *Stack* v. *People*, 80 id. 32; *Fletcher* v. *People*, 81 id. 116.) No particular form is required to constitute a judgment. (*Wells* v. *Hogan*, Breese, 337; *Foster* v. *Jared*, 12 Ill. 451; *Minkhart* v. *Hankler*, 19 id. 47.) The provision that the sentences shall run consecutively is equivalent to providing that they shall run successively, but the rule heretofore stated is, that it shall be expressly stated in the sentence that one shall begin at the expiration of the previous one. There was no error in the record up to the imposition of the sentence, and it is beyond question that the court intended to sentence each of the defendants to imprisonment in the county jail for separate terms of ten days on each of the first seventy counts and twenty days on the seventy-first count. As there was no error except in the imposition of the sentence, the cause should be remanded for a proper sentence, as was done in *Johnson* v. *People*, *supra*. In that case there was an indictment containing twenty-four counts for selling liquor to minors and there was a verdict of guilty on twenty-two counts. The court, in sentencing the defendant, fixed the day and hour when

the imprisonment should commence upon each count upon which the defendant was found guilty. The court said that contingencies might arise which would render it impracticable to carry such a judgment into effect, and one had actually arisen in that case by granting a *supersedeas.* The court stated the correct method of entering the judgment, and having found no error up to the time the sentence was pronounced, reversed the judgment and remanded the cause, with a direction that the court enter a proper judgment on the verdict.

The judgments of the Appellate Court and circuit court are reversed and the cause is remanded to the circuit court, with leave to the State's attorney to move for, and direction to the court to enter, a judgment in accordance with the rule established by this court as above stated.

*Reversed and remanded, with directions.*