(No. 14796.—Cause transferred.)

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* ANTON CHEPANIO, Plaintiff in Error.

*Opinion filed December 19, 1922.*

1. CRIMINAL LAW—*first offense under section 33 of Prohibition act is a misdemeanor.* Section 33 of the Illinois Prohibition act, fixing the penalties for the violation of the act, makes the first offense a misdemeanor, as the words "or be imprisoned" do not mean imprisonment in the penitentiary, and where the violation charged is a first offense the municipal court has jurisdiction and the defendant may waive a jury.

2. SAME—*the word "imprisonment," alone, does not mean confinement in the penitentiary.* The word "imprisonment" will be construed to mean confinement in a local place of detention, in the absence of language specifically stating the place of detention to be in the penitentiary.

3. APPEALS AND ERRORS—*when Supreme Court cannot review a judgment of conviction.* A judgment of conviction for a misdemeanor is reviewable by the Appellate Court in the absence of any assignment of error invoking the direct appellate jurisdiction of the Supreme Court.

WRIT OF ERROR to the Municipal Court of Chicago; the Hon. JOHN A. BUGEE, Judge, presiding.

HERMAN P. HAASE, for plaintiff in error.

EDWARD J. BRUNDAGE, Attorney General, ROBERT E. CROWE, State's Attorney, and FLOYD E. BRITTON, (EDWARD E. WILSON, and CLYDE C. FISHER, of counsel,) for the People.

Mr. JUSTICE STONE delivered the opinion of the court:

This cause is here on the common law record, by which plaintiff in error seeks the reversal of a judgment of conviction against him entered on an information filed in the municipal court of Chicago on March 13, 1922, under section 31 of the Illinois Prohibition law. Plaintiff in error

entered a plea of not guilty, and upon a waiver of trial by jury a hearing was had before the court, and judgment was entered finding him guilty and imposing a fine of $500 and costs of the suit, and in default of payment of the fine and costs that he stand committed to the house of correction in the city of Chicago.

Plaintiff in error charges certain deficiencies in the record, and that the crime with which he stands charged is a felony and therefore the municipal court had no jurisdiction, and for that reason plaintiff in error could not waive a trial by jury. He contends that since, under the penalty prescribed for the first offense, the accused may not only be fined but may be imprisoned "not less than sixty days nor more than six months, or both," the offense is to be considered a felony, and the writ of error is therefore properly sued out of this court.

Section 33 of the Illinois Prohibition act provides as follows: "Any person who manufactures, transports, or sells liquor in violation of this act shall for a first offense be fined not less than $100 nor more than $1000, or be imprisoned not less than sixty days nor more than six months or both and for a second or subsequent offense shall be fined not less than $500 nor more than $1500 and be imprisoned in the State penitentiary not less than one year nor more than two years."

It was the evident intention of the legislature to make the first offense under this act a misdemeanor. The words "or imprisonment" cannot be construed as meaning imprisonment in the penitentiary in the absence of words conveying that meaning. Imprisonment will be construed to mean a local place of detention in the absence of language specifically stating the place of detention to be in the penitentiary. *Ex parte Cain,* 20 Okla. 125; *Chaney* v. *State,* 36 Ark. 75; *State* v. *McNeill,* 75 N. C. 15.

The offense charged in this information was a misdemeanor, (*People* v. *Boykin,* 298 Ill. 11,) and there being

no assignment of error giving this court jurisdiction, the cause will be transferred to the Appellate Court for the First District.                    *Cause transferred.*

---

(No. 14415.—Reversed and remanded.)
ALICE M. POTTER, Appellant, *vs.* SAMUEL H. POTTER *et al.* Appellees.

*Opinion filed December 19, 1922.*