(No. 15624.—Judgment affirmed.)

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* FRANK KAWOLESKI, Plaintiff in Error.

*Opinion filed December 19, 1923—Rehearing denied Feb. 7, 1924.*

1. CRIMINAL LAW—*imprisonment for first violation of Prohibition act is not in penitentiary.* In the provision of the Illinois Prohibition act prescribing the punishment for the first violation of the act, the words "or be imprisoned" do not mean imprisonment in the penitentiary but mean in a local place of detention.

2. SAME—*the county court has jurisdiction upon information charging first violation of Prohibition act.* In a prosecution for violation of the Prohibition act, where there is no charge in the information that the defendant has been previously convicted of violating the act, the offense charged is a misdemeanor of which the county court has jurisdiction.

3. PROHIBITION—*Prohibition act is not invalid as fixing disproportionate penalties.* The Prohibition act does not violate the constitutional provision requiring penalties to be proportioned to the nature of the offense.

4. STATE'S ATTORNEYS—*statute providing State's attorneys' fees to be taxed as costs is valid.* The provision of the act in relation to State's attorneys' salaries (Smith's Stat. 1923, chap. 53, sec. 3, p. 1019,) authorizing the fees provided by law to be paid by the defendant to be taxed as costs, and applied, when collected, on the State's attorney's salary, is not unconstitutional.

WRIT OF ERROR to the County Court of Kankakee county; the Hon. HENRY F. RUEL, Judge, presiding.

FRANK J. BURNS, for plaintiff in error.

EDWARD J. BRUNDAGE, Attorney General, ANKER C. JENSEN, State's Attorney, and GEORGE C. DIXON, for the People.

Mr. CHIEF JUSTICE FARMER delivered the opinion of the court:

An information sworn to by M. N. Hextell was filed by the State's attorney June 21, 1923, in the county court of Kankakee county, charging Frank Kawoleski with vio-

lating the Illinois Prohibition act. The information contained thirteen counts. The first eleven counts charged him with unlawfully selling intoxicating liquor, the twelfth count charged him with unlawfully possessing intoxicating liquor for the purpose of sale, and the thirteenth count charged him with unlawfully keeping intoxicating liquor for sale in prohibition territory. On the same day the information was filed a warrant was issued and Kawoleski was arrested and brought before the court on the charges. He signed a jury waiver, and, the record states, in his own proper person he pleaded guilty after being duly warned and fully advised as to the consequences of his plea; that he persisted in the plea, and the court found him guilty as charged, sentenced him to jail for ninety days and to pay a fine of $400 and costs of prosecution, and to stand committed to jail until the fine and costs were paid. Defendant was at once placed in jail. July 11 he by counsel filed a motion to vacate and set aside the judgment, also a motion for new trial and in arrest. All of said motions were overruled. Defendant filed a motion to tax costs, and the court taxed $150 State's attorney's fees, ($15 under each of ten counts,) $5 clerk's fees and $1.55 sheriff's fees, to all of which rulings of the court defendant excepted. He sued a writ of error out of this court to review the judgment on the ground constitutional questions are involved.

Counsel claims (1) the Illinois Prohibition act is unconstitutional; (2) the prosecution should have been by indictment instead of information; (3) the law under which the State's attorney's fees were taxed is invalid; (4) defendant was denied his constitutional rights when his plea was entered; and (5) the information was insufficient in that the charges were not specifically stated, without the aid of a bill of particulars, and no bill of particulars was furnished defendant.

The information did not allege the defendant had been previously convicted of violating the Prohibition law. The

statute provides that for the first offense the offender shall be fined not less than $100 nor more than $1000, "or be imprisoned not less than sixty days nor more than six months." For any subsequent offense the offender shall be fined not less that $500 nor more than $1500, "and be imprisoned in the State penitentiary not less than one nor more than two years." Defendant contends that as the statute does not say where the offender is to be imprisoned for the first offense, and for the second offense he is required to be imprisoned in the penitentiary, the first offender may be imprisoned in the penitentiary; that to say the imprisonment for the first offense is to be in jail renders the statute incomplete and ambiguous and for that reason invalid. We held in *People* v. *Chepanio,* 306 Ill. 35, that the words "or be imprisoned," applying to the first offense, could not be construed to mean imprisonment in the penitentiary but should be construed to mean a local place of detention. That this is so, clearly appears from the provision as to punishment for the second offense, which requires the imposition of a largely increased fine "and imprisonment in the penitentiary." The offense was a misdemeanor and the information gave the county court jurisdiction. There was no charge in the information of a former conviction, which would have been required to warrant the punishment of imprisonment in the penitentiary. *People* v. *Boykin,* 298 Ill. 11.

There is no merit in the contention that the information is insufficient in form.

It is contended defendant was deprived of his constitutional rights at the time he entered his plea. This is based solely on his affidavit made in support of his motion for a new trial, in which he says he had no attorney at the time he entered his plea; that he did not understand the English language well and does not "read or write it fluently;" that he cannot comprehend English, except a few common phrases; that no interpreter was present; that he did not

understand the proceedings in the county court and was unable to procure witnesses and properly present his case, by reason of which matters he was greatly prejudiced and was at great disadvantage. He does not say he did not know what he was arrested for or that he did not know he was taken before the court on a charge of the violation of the Prohibition law. He does not say he wanted an attorney or that he asked permission to consult one, and he does not say he had any defense to the charge if he had secured an attorney and been given time to prepare for trial. It would be a dangerous precedent to reverse the judgment for the reasons set forth in the affidavit. We have no inclination to do so on the showing here made.

It is claimed that as the Prohibition act provides for auxiliary penalties, such as confiscation of vehicle or enjoining use of building, in addition to the penalty of fine and imprisonment, the act violates the constitutional provision which requires penalties to be proportioned to the nature of the offense. This contention cannot be sustained. *People* v. *Elliott,* 272 Ill. 592.

The court taxed as costs $15 State's attorney's fees under ten counts of the information,—a total of $150,—which defendant claims was contrary to law. It is argued that since the act putting State's attorneys on a salary basis, the provision authorizing State's attorney's fees to be taxed and applied, when collected, on payment of the salary is invalid. (Smith's Stat. 1923, chap. 53, sec. 3, p. 1019.) The question was considered and treated as valid by this court in *Hoyne* v. *Danisch,* 264 Ill. 467, and *Hoyne* v. *Ling,* 264 id. 506. The act concerning State's attorney's fees as an entirety was sustained in *Butzow* v. *Kern,* 264 Ill. 498. Defendant's argument has not convinced us we were wrong in those cases, or, even if it were a case of first impression, that the act in the respect claimed is not valid.

The judgment is affirmed.          *Judgment affirmed.*