(No. 16107.—Decree affirmed.)

THE PEOPLE *ex rel.* Anker C. Jensen, State's Attorney, Defendant in Error, *vs.* FRANK KAWOLESKI, Plaintiff in Error.

*Opinion filed October 28, 1924.*

1. PROHIBITION—*what is sufficient time, in absence of showing to contrary, for defense of charge of violating injunction.* Where there is no showing, by affidavit or by the record, that the defendant was prevented by lack of time from making any defense he may have had in a contempt proceeding charging violation of an injunction against violating the Prohibition act, there is no merit in an assignment of error on that ground where the trial was begun five days after the affidavit and information were filed against him for contempt.

2. SAME—*a fine and jail sentence for contempt in violating injunction is not unconstitutional.* A fine and jail sentence for contempt in refusing to obey an injunction against the violation of the Prohibition act does not violate the constitutional provision that all penalties shall be in proportion to the nature of the offense.

WRIT OF ERROR to the County Court of Kankakee county; the Hon. HENRY F. RUEL, Judge, presiding.

FRANK J. BURNS, JAMES T. BURNS, and H. H. WHITTEMORE, for plaintiff in error.

EDWARD J. BRUNDAGE, Attorney General, ANKER C. JENSEN, State's Attorney, GEORGE C. DIXON, and T. R. JOHNSTON, for defendant in error.

Mr. JUSTICE FARMER delivered the opinion of the court:

Plaintiff in error plead guilty to an information in the county court in June, 1923, charging him with selling, possessing and keeping for sale intoxicating liquor. He was sentenced to pay a fine of $400 and to imprisonment in the county jail ninety days. The judgment in that case was affirmed by this court in *People* v. *Kawoleski,* 310 Ill. 498. After the plaintiff in error's plea of guilty in the county court, that court issued a temporary injunction against his place of business as a common nuisance. He was ostensibly conducting a grocery store in Bradley, in Kankakee county, and after the injunction was issued he gave bond and was permitted to operate his grocery store. December 6, 1923, he was again arrested for violating the Illinois Prohibition act and his premises were searched by the officers under a search warrant. He was given a preliminary hearing and was bound over to the January term of the Kankakee county circuit court. He was indicted by the grand jury, tried and convicted, and the judgment was reversed for errors of law committed during the trial and the cause remanded for a new trial. (*People* v. *Kawoleski, ante,* p. 257.) The day following the arrest of plaintiff in error and the search of his premises the State's attorney filed an affidavit and information against him for contempt of court in violating the injunction. He was put in jail the night of his arrest, where he remained until December 10, when he was admitted to bail. The hearing of the contempt proceeding was set for December 12 and the cause was heard on that day. He was found guilty of contempt for having sold liquor in violation of the injunction, was fined $500 and sentenced to jail ninety days. This writ of error is sued out to review that judgment.

The State's attorney first filed an information in the county court against plaintiff in error for violation of the Prohibition act but afterwards dismissed the information, and the plaintiff in error was, as stated, after a preliminary hearing before a justice of the peace bound over to the circuit court on that charge. A civil action was also begun against him on the injunction bond given in the county court proceeding. Counsel for plaintiff in error made numerous motions and requests for additional time to prepare for the defense of the injunction proceeding, but all such motions were denied and the trial was begun December 12. It is here contended by plaintiff in error that the court erred in not giving him time to prepare his defense, that the evidence was not sufficient to justify the decree, that the provisions of the Prohibition act relating to injunctions are unconstitutional, and that the punishment is excessive, in violation of the constitution.

It is not shown by any affidavit or by the record that plaintiff in error was prevented, for lack of time, from making any defense he had to the charge for the violation of the injunction, and we are of opinion there is no merit in that assignment of error.

Counsel for plaintiff in error assert the injunction provisions of the Prohibition act are unconstitutional. They cite a Federal district case but do not support the assertion with any argument or point out any reason why the act is unconstitutional, and we decline to consider the question. The penalty imposed does not violate the constitutional provision that all penalties shall be in proportion to the nature of the offense, as contended by plaintiff in error. *People* v. *Elliott,* 272 Ill. 592.

The substance of the testimony was as follows: One witness (Jepson) testified he bought of plaintiff in error in his store, the evening of December 6, 1923, a half-pint of liquor and paid one dollar for it. Another witness, a deputy sheriff who went with Jepson to the store of plaintiff

in error, testified he remained at a window outside the building and saw Jepson buy something from plaintiff in error. The sheriff and some other officers followed Jepson and Reuse, the deputy, to the building of plaintiff in error. The officers, accompanied by Jepson, had gone to Bradley with a warrant to search the premises of plaintiff in error. Jepson and Reuse went ahead of the others to the store and Jepson went in alone to buy liquor. He and Reuse testified that after Jepson bought the bottle of liquor he put it in his overcoat pocket and started out of the building. Just as he was going out of the store he was met by the other officers, and Tetrault, a deputy sheriff, took the bottle Jepson said he bought from plaintiff in error. An analysis of the contents of the bottle showed it contained 45.7 per cent alcohol. Jepson and Reuse testified plaintiff in error took a jug from behind the counter and went into a back room and came back with the half-pint of liquor. When the officers searched the premises the jug was not found. Plaintiff in error did not testify, but offered the testimony of witnesses in an effort to show Reuse could not have seen the parties in the building from where he testified he stood outside, but that testimony was not convincing. He also proved the building was lighted by one small kerosene lamp. Counsel point out some discrepancies in the testimony of Jepson and Reuse and some minor differences in their testimony in this case and their testimony on the hearing under the indictment in the circuit court, but such discrepancies are too insignificant to affect their credibility. A reviewing court would not be justified in reversing the decree on the ground that it was not justified by the evidence, and it will be affirmed.

*Decree affirmed.*