**People of the State of Illinois, Defendant in Error, v. Russell Combs, Plaintiff in Error.**

**Gen. No. 40,946.**

Heard in the third division of this court for the first district at the October term, 1939. Opinion filed April 10, 1940. Rehearing denied April 24, 1940.

ELLIS & WESTBROOKS, of Chicago, for plaintiff in error; RICHARD E. WESTBROOKS, of counsel.

THOMAS J. COURTNEY, State's Attorney, for defendant in error; EDWARD E. WILSON, JOHN T. GALLAGHER, MELVIN S. REMBE and BLAIR L. VARNES, Assistant State's Attorneys, of counsel.

MR. PRESIDING JUSTICE DENIS E. SULLIVAN delivered the opinion of the court.

Russell Combs, plaintiff in error, was arrested and brought into the municipal court of Chicago on August 25, 1938. The arrest having been without a warrant, an information was filed in open court against him by Mary Jaskowiak. The information charged contributing to the delinquency of a child. Defendant, upon arraignment, entered a plea of not guilty. A jury trial was waived and upon the issue being submitted to the court, the defendant was found guilty in manner and form as charged in the information.

Defendant Combs was sentenced to the House of Correction of the city of Chicago "for the term of one year from and after the the delivery of his body to the Superintendent of the House of Correction." The bailiff was ordered by the court to take the body of the defendant from the bar of the court and deliver said defendant to the superintendent of the House of Correction. The superintendent was commanded to receive the defendant, confine him at labor for the term of one year and to discharge the defendant thereafter.

The concluding paragraph of said judgment order reads as follows:

"It is ordered that the term of imprisonment now here imposed in this cause commence at the expiration of imprisonment in Case 1589705."

Counsel for defendant contends that the order is void because it is indefinite, vague and uncertain. One

has but to read the order to ascertain that it was quite impossible to determine when it was intended the sentence was to commence and when it was to terminate. If, as the order reads, ''for the term of one year from and after the delivery of said defendant to the Superintendent of said House of Correction,'' and in the same order it provides that the term of imprisonment shall begin at some other time, it is very confusing and difficult to determine just what is meant. It is very obvious that any given term of imprisonment, such as for the period of one year, cannot commence on two different dates.

It is a well-settled rule in criminal law that a sentence must be certain, definite and consistent in all its terms and should not be ambiguous. 16 Corpus Juris 1303; 19 Ency. Pl. & Pr. 476.

It is contended by the State that there being no certificate of evidence or bill of exceptions attached to the record here, we must presume that a proper order was entered.

The liberty of an individual is not of such little consequence that we have a right to presume that there is some other document which will justify the imprisonment. What is meant by case No. 1589705, is not explained and we have no way of knowing what bearing it has on this case, or why it was set forth in the order.

As was well said in the case of *People ex rel. Clancy v. Graydon,* 329 Ill. 398 [wherein the court quoted from *Ex parte LaMar,* 274 Fed. 160], at p. 402: '' 'A prisoner, while suffering the penalty of the law, should always have preserved to him whatever remains of his rights and condition. A sentence should be so complete as to need no construction of a court to ascertain its import. It should be so complete that to ascertain its meaning it will not be necessary to supplement the written words by either a non-judicial or ministerial officer. He must find what the sentencing judge in-

tended from the language which he used. The rascality of the petitioner, or the merits or demerits of his case, or the appropriate punishment which has been inflicted, can not enter into this determination. The punishment which the worst criminal has inflicted upon him must be legal, and when this is not so, however unintentional, an offense is being committed in the name of the law against the person.' ''

In *People v. Decker,* 347 Ill. 258, at p. 261, the court said:

''The judgment entered in a case of cumulative punishment must be of such certainty that the commencement of the second and termination of the first sentence may be seen from the record.''

As before stated, no one can tell from a reading of this order when the term of imprisonment should commence as two different dates are indicated.

In *People v. Welch,* 331 Ill. 20, the court in reversing a conviction for an indefinite and confusing order at p. 23, said: ''There is nothing in the record by which it may be determined when the commitment under the first count expires. It necessarily follows that it is likewise impossible to determine either the commencement or termination of the sentence under the second count.''

We think the judgment order of commitment in this case is too uncertain and for the reasons herein given, the same is reversed and the cause is remanded.

*Judgment order reversed and cause remanded.*

HEBEL and BURKE, JJ., concur.