People of the State of Illinois, Defendant in Error, v.
Bob White, alias Floyd White, Plaintiff in Error.

Gen. No. 41,325.

Opinion filed December 23, 1940. Rehearing
denied January 6, 1941.

ELLIS & WESTBROOKS and BARBARA WATTS GOODALL,
both of Chicago, for plaintiff in error; RICHARD E.
WESTBROOKS, of counsel.

THOMAS J. COURTNEY, State's Attorney, for defend-
ant in error; EDWARD E. WILSON, JOHN T. GALLAGHER
and MELVIN S. REMBE, Assistant State's Attorneys, of
counsel.

MR. JUSTICE MATCHETT delivered the opinion of the
court.

November 7, 1939, White was arrested and tried
under an information which charged him with the of-

fense of obtaining money by means of false pretenses contrary to the statute (Ill. Rev. Stat. 1939, ch. 38, par. 253; Jones Ill. Stats. Ann. vol. 7, § 96, p. 209). He was arraigned, entered a plea of not guilty and waived trial by jury. The issues were submitted to the court. Defendant was found guilty in manner and form as charged in the information and was sentenced to the House of Correction.

March 11, 1940, defendant by his attorneys made a motion to expunge and vacate the judgment entered November 7, 1939, to quash the mittimus and discharge defendant for reasons stated in the motion. The People made a motion to dismiss, and March 22, 1940, the prayer of the petition was denied. Defendant brings the record here by writ of error.

It is urged that the information fails to charge a criminal offense as required by art. 2, § 9 of the Illinois Constitution in that it fails to specify acts so as to state the nature and cause of the accusation and is therefore void. The information, omitting the formal parts, charges defendant

"did then and there unlawfully and wilfully with intent to cheat and defraud by means of false pretenses, obtain from the said Herbert Cohen, money to-wit: Twenty-five ($25.00) dollars, lawful money of the United States, the property of the said Herbert Cohen, with intent then and there unlawfully, and wilfully to cheat and defraud the said Herbert Cohen, in violation of Par. 253, chapter 38, S. H. Revd. Sts. of 1937," etc.

The section of the statute under which the information was filed provides:

"Whoever, with intent to cheat or defraud another, designedly . . . by any false pretense . . . obtains from any person any money, personal property or other valuable thing, shall be fined in any sum not exceeding $2,000, and imprisoned not exceeding one year, and shall be sentenced to restore the

property so fraudulently obtained, if it can be restored.''

Section 6, Div. XI of the Criminal Code provides:

''Every indictment or accusation of the grand jury shall be deemed sufficiently technical and correct which states the offense in the terms and language of the statute creating the offense, or so plainly that the nature of the offense may be easily understood by the jury.''

Section 9, Div. XI of the code provides that all exceptions going merely to the form of the indictment should be taken before trial, and no motion in arrest of judgment or writ of error will be sustained unless it affects the real merits of the offense charged. The record in this case does not show either a motion to quash the information before trial or motion in arrest of judgment after it.

Plaintiff in error relies on *People v. Robinson*, 195 Ill. App. 641, 642, an abstracted opinion of this court, and as requested by him we have examined the full opinion. The opinion recognizes the rule that under § 6, Div. XI of the Criminal Code, an information is sufficient which states the offense in the language of the statute creating it, or so plainly that the nature of it may be easily understood by the jury. The opinion states that the information there omitted the word ''designedly,'' and there was therefore no sufficient averment of scienter by defendant. It was said that no equivalent word or words were found in the information; that ''unlawfully and fraudulently'' could not be considered synonymous or equivalent, and reviewing a number of cases from other States, it was held the information was defective ''in respect to its failure to allege defendant's knowledge of the falsity of the representations.'' A comparison of the language of the information here as compared with the statute shows, we hold, that the information is in the language of the statute or its equivalent and no essential is

omitted therefrom. The information here charges that defendant acted unlawfully and wilfully *"with intent to cheat and defraud."* We think this was the equivalent to a charge that defendant knew the pretenses made were false and also made designedly. The contention that the information does not charge an offense cannot be sustained.

Defendant also contends that the judgment is so vague, indefinite and uncertain as to be invalid. The judgment of the court is:

"It is considered and adjudged by the Court that said defendant is guilty of the criminal offense of obtaining money by means of false pretenses with intent to cheat and defraud, . . . It is considered, ordered, and adjudged that said defendant because of said judgment of guilty, be and he is hereby sentenced to confinement at labor in said House of Correction of the City of Chicago in the County of Cook and State of Illinois, for the term of one (1) year from and after the delivery of the body of said defendant to the superintendent of said House of Correction. And the bailiff of this Court is hereby commanded to take the body of said defendant from the bar of this Court and deliver said body to the superintendent of said House of Correction, and the superintendent of said House of Correction is hereby commanded to receive the body of said defendant into his custody and confine said defendant at labor in said House of Correction in safe and secure custody for and during the said term as aforesaid, and that said defendant be thereafter discharged. . . . It is ordered that the term of imprisonment now here imposed in this cause commence at the expiration of said one year $1.00 and costs imprisonment in said other case No. 1639853."

The order that defendant shall serve for one year after the delivery of his body to the superintendent of the House of Correction is entirely inconsistent with the order that the term of imprisonment "now here

imposed'' commence at the expiration of said one year, and the reference to ''said other case'' makes the last clause unintelligible. In the case of *People v. Combs,* 304 Ill. App. 467, this court reversed a judgment, where the defendant had been found guilty as charged of contributing to the delinquency of a child, because the concluding paragraph of the judgment made uncertain the first part of it which, as here, directed the term of imprisonment should begin with delivery of the body of defendant to the superintendent of the House of Correction. The concluding paragraph there was:

''It is ordered that the term of imprisonment now here imposed in this cause commence at the expiration of imprisonment in Case 1589705.''

The court said:

''One has but to read the order to ascertain that it was quite impossible to determine when it was intended the sentence was to commence and when it was to terminate. If, as the order reads, 'for the term of one year from and after the delivery of said defendant to the Superintendent of said House of Correction,' and in the same order it provides that the term of imprisonment shall begin at some other time, it is very confusing and difficult to determine just what is meant. It is very obvious that any given term of imprisonment, such as for the period of one year, cannot commence on two different dates.''

In the instant case we think it is plain that the court by inadvertence imposed an inconsistent and unintelligible sentence. While the judgment is erroneous in this respect, it is not void on that account, as defendant alleged in his motion, which was evidently a proceeding under section 72 of the Civil Practice Act to have the judgment vacated and set aside. Because of the error pointed out the judgment must be reversed but the cause will be remanded in order that a proper sentence may be imposed instead of the one evidently

entered by inadvertence. *Johnson v. People,* 83 Ill. 431; *People v. Elliott,* 272 Ill. 592.

*Reversed and remanded with directions.*

O'Connor, P. J., and McSurely, J., concur.