## THE STANDARD OIL COMPANY

*v.*

## THE CITY OF DANVILLE.

*Opinion filed October 25, 1902.*

1. MUNICIPAL CORPORATIONS—*city has power to regulate storage of gasoline.* Under subdivision 65 of section 1, article 5, of the City and Village act, a city has power to provide by ordinance that gasoline or any of the products of petroleum shall not be kept or stored within one thousand feet of any building in a quantity greater than five barrels of fifty gallons each, and such ordinance will not be declared unreasonable, in the absence of proof.

2. SAME—*right of city to regulate dangerous business.* As the limits of the inhabited portions of cities extend, establishments that endanger the health, safety or comfort of the population in such extended portions may be regulated as to the manner of conducting business or may be required to move to other localities.

3. SAME—*effect where city builds up around dangerous establishment.* The fact that the greater number of houses and buildings were erected within one thousand feet of an oil company's plant after the same had been located, does not entitle the company to insist upon a vested right to store oil upon its premises in greater quantities than is permitted by ordinance to be stored within one thousand feet of buildings.

4. PRACTICE—*mere assertion of counsel that ordinance is unconstitutional is unavailing.* Mere general assertions of counsel that an ordinance is in contravention of the constitution does not raise the question of its constitutionality, so as to impose upon the court the duty of investigating to ascertain if some constitutional objection to the validity of the ordinance may not be found.

*Standard Oil Co.* v. *City of Danville,* 101 Ill. App. 65, affirmed.

APPEAL from the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of Vermilion county; the Hon. F. BOOKWALTER, Judge, presiding.

MABIN & CLARK, for appellant.

J. H. LEWMAN, City Attorney, for appellee.

Mr. JUSTICE BOGGS delivered the opinion of the court:

In an action before a justice of the peace instituted by the appellee city, judgment was entered against the appellant company in the sum of $25, as a penalty for the violation of section 1 of an ordinance adopted by the city council of the appellee city, which is as follows:

"Sec. 1. That it shall be unlawful for any person or persons, firm or corporation, to keep or store any petroleum, naphtha, benzine, gasoline, coal oil, or any of the products of petroleum, or any inflammable or explosive oils, within the space of one thousand feet of any dwelling house, store room, building, barn, shed or other like structure, within the corporate limits of the said city of Danville, in a quantity greater than five barrels, of fifty gallons each, at one time."

The appellant company brought the cause into the circuit court of Vermilion county by appeal, and a hearing in that court, before a jury, resulted in a judgment in the sum of $25 against the appellant company. The Appellate Court for the Third District, on the further appeal of the appellant company, affirmed the judgment of the circuit court. The appellant company has perfected this appeal from the judgment of the Appellate Court.

As in support of the objections that it did not appear that the ordinance had been published in a newspaper published in the city of Danville, as required by the statute, and that the certificate of the clerk did not bear the corporate seal, counsel for the appellant company cite

us to the ordinance, and the certificate of the clerk thereto, as shown in the abstract as prepared by them. The abstract is of the ordinance, and the certificate thereto, as shown in the original record. A diminution of that record was suggested in the Appellate Court, and by leave of that court an additional or amended transcript of the record was filed which fully removed all these objections. This additional or amended record is not abstracted and is entirely ignored in the briefs of counsel for the appellant company.

The remaining contention is, that the court erred in holding the ordinance to be valid and enforceable. The position of counsel may be best disclosed by the following quotation from their brief: "While we have no doubt that the city may pass and enforce reasonable laws for the regulation of such plants, yet we do not believe that they can be oppressive in their character or unreasonable; and we believe that this ordinance is discriminating in its character and *ultra vires*, and contravenes a private right, and that it is contrary, not only to the constitution of the State, but is in conflict with the constitution of the United States."

In what respect the ordinance is discriminatory in its character, or with what section or provision of the constitution of the State or of the United States it is supposed to be in conflict, or in what it is supposed to contravene private right, counsel do not suggest in their brief. Nor do they point out or suggest in what respect its provisions are not equally applicable to all persons whom it affects. Nor is it argued that the ordinance is *ultra vires* for any other reason than that it is, as counsel allege, unreasonable and unfair. Counsel say it appeared in the proof the plant of the appellant company was located at its present site in the year 1886, and "that nearly all of the property owners who now complain of the locality of this plant have bought their property and built their homes near this so-called objectionable plant, and yet the

burden of complaint by these witnesses went in merely to show that their property had been depreciated in value, which was not proper to be considered in this case, and which question eliminated from this case leaves but little or nothing to complain about, except they claim, some of them, that a stench came from the plant when the wind was in a certain direction during extreme hot days, which odor was no worse than the smoke of an engine on a railroad passing through the city. It is unreasonable to say that this plant was entirely free from danger, but we think no more so than a great many things which are permitted to exist within the city without any question. * * * Under these facts and circumstances, an ordinance which compels this plant to locate a thousand feet from any other building inside of the corporate limits is both unreasonable and unfair,—that it tends to confiscate the defendant's property by driving it outside of the city limits." Counsel further say a large number of witnesses "testified as to the dangerous condition made by the presence of the plant."

The General Assembly delegated to the city power "to regulate and prevent storage of gunpowder, tar, pitch, resin, coal oil, benzine, turpentine, hemp, cotton, nitro-glycerine, petroleum, or any of the products thereof, and other combustible or explosive material." (Hurd's Stat. 1899, chap. 24, subdiv. 65 of sec. 1, art. 5.) The fact that the greater number of residences, business houses, etc., now within one thousand feet of the plant of the appellant company were built after the plant had been located at its present site does not entitle the appellant company to insist that it has become vested with the right to continue to operate its plant and keep on storage the inflammable, explosive and offensive oils, liquids and substances specified in the ordinance. The health, safety and comfort of the people are the controlling considerations, and prescriptive rights to endanger either cannot be acquired. As the limits of the inhabitable

parts of cities extend, establishments that endanger the health, safety or comfort of the population of such extended portion of the city, and become nuisances, may be required to be removed to other localities. (*Laflin & Rand Powder Co.* v. *Tearney,* 131 Ill. 322.) In this instance, however, the city council did not attempt to absolutely prohibit the further prosecution of the business of the appellant company at its present location, but only to regulate the manner or extent in which it should conduct its business there. The command of the ordinance is not that the appellant company shall no longer conduct its business at its plant, but that not more than five barrels, of fifty gallons each, of any one kind of the oils or liquids specified in the ordinance, shall be kept or stored by it within one thousand feet of any dwelling house, etc., in the city. It appeared from the proofs the appellant company kept stored in its premises, in much larger quantities than the ordinance permitted, oils, liquids and substances specified in the ordinance; that many of them were highly inflammable, others explosive, others, or perhaps all of them, emitted a disagreeable and unhealthy odor, and that there were from three hundred to four hundred dwelling houses, stores and other buildings, including a railroad depot, within the distance of one thousand feet named in the ordinance and within the range of the dangerous influence of the appellant company's plant. Aside from the fact that the greater number of these buildings and residences were erected after the location of the plant of appellant at its present site, and the bare assertion of counsel that the ordinance is unreasonable, there is nothing in the brief of counsel, or in the record, to indicate in what respect the ordinance is so subject to that objection. The General Assembly expressly conferred upon the city power to adopt the ordinance. All presumptions are in favor of its reasonableness, and such presumptions must prevail, nothing to the contrary appearing on the face of the ordinance or from the proofs.

*People ex rel.* v. *Cregier,* 138 Ill. 401; *Swift* v. *Klein,* 163 id. 269; 17 Am. & Eng. Ency. of Law,—1st ed.—248.

The mere assertion of counsel that the ordinance is in contravention of either the Federal or the State constitution does not raise the question of the constitutionality of the ordinance, so as to impose upon the court the duty of entering into an investigation for the purpose of ascertaining if some constitutional objection may not be found to the validity of the ordinance.

The judgment of the Appellate Court must be affirmed.

*Judgment affirmed.*