ROBERT S. ILES *et al.* Defendants in Error, *vs:* JULIUS HEIDENREICH, Plaintiff in Error.

*Opinion filed February 16, 1916.*

1. APPEALS AND ERRORS—*the mere statement of counsel that a constitutional question is involved is not sufficient.* The Supreme Court cannot take jurisdiction upon the mere statement of counsel that a constitutional question is involved, and it is not the duty of the court to search the constitution to discover some basis upon which jurisdiction to entertain the proceeding can be sustained.

2. SAME—*when the Supreme Court cannot take jurisdiction.* Where a party sued in the municipal court of Chicago on a summons reciting that it was served on him "in the city of Chicago," appears and goes to trial on the merits without raising the question of jurisdiction, a subsequent decree in chancery subjecting certain property to the payment of the judgment cannot be reviewed by the Supreme Court on direct appeal or writ of error upon the ground that the defendant was not, in fact, a resident of the city of Chicago and that he is being deprived of his property without due process of law ·because the municipal court was without jurisdiction to render the judgment.

3. JURISDICTION—*privilege of defendant to be sued in particular place may be waived.* The right of a defendant to be sued in the city or county where he resides is a privilege of which he can avail himself if he chooses, but if he does not plead such privilege in apt time he will be deemed to have waived it and submitted to the jurisdiction of the court, and in such case he cannot raise the question on appeal or writ of error.

WRIT OF ERROR to the Superior Court of Cook county; the Hon. DENIS E. SULLIVAN, Judge, presiding.

FARLIN H. BALL, and G. A. BURESH, for plaintiff in error.

THOMPSON, MOORE & CLARK, (EDWIN WHITE MOORE, of counsel,) for defendant in error Michael Zimmer.

ROBERT S. ILES, and ROBERT D. MARTIN, for themselves.

Mr. JUSTICE CRAIG delivered the opinion of the court:

The defendants in error, Robert S. Iles and Robert D. Martin, filed their bill in chancery in the superior court of Cook county in the nature of a creditors' bill against Julius Heidenreich, Ida M. Heidenreich and Michael Zimmer, the latter the sheriff of Cook county, for the purpose of subjecting money in the hands of said sheriff to the payment of a judgment which defendants in error had recovered against Julius Heidenreich in the municipal court of the city of Chicago. Julius Heidenreich and Ida M. Heidenreich filed their pleas in bar to the bill of complaint, denying that the municipal court of Chicago had jurisdiction to enter said judgment against Julius Heidenreich.

The original bill charges, among other things, that on August 3, 1911, the defendants in error commenced suit against Julius Heidenreich in the municipal court of Chicago in an action of the first class, and that on August 12, 1911, he entered his appearance in writing in said cause; that on the 12th of August he filed a written pleading known as an affidavit of merits, and thereafter appeared in person in said cause; that a trial of the issues so joined was had before the court and a jury, and on the 18th day of May, 1912, being one of the regular days of said court, defendants in error recovered a judgment against the defendant in said court, Julius Heidenreich, for the sum of $1500 and costs of suit. The bill also sets up a fraudulent assignment of a certificate of sale obtained by Julius Heidenreich to Ida M. Heidenreich and her claim to the money paid to the sheriff of Cook county in the redemption proceedings from the sale on which such certificate was issued,

271 — 31

and alleges other fraudulent acts of Julius Heidenreich on which the creditors' bill is predicated, and prays that such redemption money in the hands of the sheriff be subjected to the judgment of defendants in error.

By his first plea Julius Heidenreich set up that the suit in the municipal court of Chicago in which the defendants in error recovered a judgment against him was designated and referred to as of the first class, and that the statute provides that in all actions of this class no suits shall be commenced in the municipal court unless the defendant, if there be but one defendant, resides or is found within the city of Chicago; that in the suit brought in the municipal court of Chicago and the summons served in said suit, he, Julius Heidenreich, was the sole and only defendant; that at the time said suit was brought, summons served upon him and judgment rendered he was not a resident of the city of Chicago, nor was he at any time served with summons within the city limits of the city of Chicago, nor was he prior to the rendition of the judgment in said proceedings found within the city of Chicago, but at the time the suit was instituted he was a resident of the village of Morgan Park, in Cook county, Illinois, and that summons was served upon him at his residence on Fairfield avenue, in the village of Morgan Park, and that at the time of the institution of said proceedings and rendition of said judgment he resided, and still resides, in Morgan Park, which is outside the limits of the city of Chicago. It is further set out in the plea that the return made by the bailiff of the municipal court of Chicago upon the summons served upon said defendant, Julius Heidenreich, in said municipal court suit is as follows:

"Served this writ on the within named Julius Heidenreich by delivering a copy thereof to him, and at the same time informing him of the contents thereof, in the city of Chicago, this third day of August, 1911.

THOMAS M. HUNTER, *Bailiff.*
By M. L. Morgan, *Deputy.*"

It is further set out in the plea that the return on said summons was made by the bailiff of the municipal court of the city of Chicago under the mistaken belief that said village of Morgan Park, the residence of said defendant and the place at which said summons was served upon him, was on the day of service of summons and the date of the return thereof a part of the city of Chicago by virtue of an attempted annexation of said village to said city of Chicago at an election held April 4, 1911; that in said suit the municipal court of the city of Chicago was without jurisdiction, and had no right or authority, in law, to entertain said suit or to proceed in said cause, and the said judgment is void and of no legal effect. The second plea is identical with the first plea, except as to the allegation of non-jurisdiction, which is as follows: "That in said suit the municipal court of the city of Chicago was without jurisdiction, and had no right or authority, in law, to enter a judgment against the defendant, Julius Heidenreich, and the said judgment is void and of no legal effect."

The first two pleas filed by Ida M. Heidenreich set forth substantially the same facts as are set forth in the above pleas of Julius Heidenreich.

A motion was made by defendants in error to overrule the first two pleas filed by Julius and Ida M. Heidenreich. The court held the pleas insufficient, in law, to constitute a defense to the bill, and both Julius and Ida M. Heidenreich stood by their pleas. The court heard no evidence but entered a decree in accordance with the prayer of the bill, finding, among other things, that on August 3, 1911, defendants in error brought their suit in the municipal court of Chicago against Julius Heidenreich; that he was served with summons and on August 12, 1911, appeared in court and filed his appearance and made a defense to said action; that on May 18, 1912, the defendants in error recovered a judgment in that suit against him for $1500 and costs of suit, no part of which has been paid and that the same is

due and owing, and that certain redemption money in the hands of Michael Zimmer, sheriff, claimed by Ida M. Heidenreich by reason of the assignment of a certificate of sale, which assignment the court found to be fraudulent, be subjected to the payment of said judgment. Julius Heidenreich has sued out a writ of error from this court seeking to reverse the decree of the superior court. Ida M. Heidenreich prayed and was allowed an appeal from the decree of the superior court to the Appellate Court for the First District and perfected said appeal. She did not join in the writ of error sued out by Julius Heidenreich, and it is not necessary to consider the issues raised by the pleadings in her behalf.

Several questions are presented for decision and numerous errors are assigned upon the record, the first of which is that the decree and judgment are contrary to section 2 of article 2 of the constitution, in that plaintiff in error, Julius Heidenreich, is deprived of his property without due process of law; and the second is, that the decree and judgment are contrary to article 5 of the constitution of the United States, in depriving plaintiff in error of his property without due process of law. Neither of these constitutional questions, however, is in our opinion involved or can be considered in the decision of the case in this court. The fact is, as appears from the pleadings, that Julius Heidenreich was sued in the municipal court of the city of Chicago. A summons was duly issued and served upon him and returned to said court. He appeared, plead in the suit, issue was joined, a trial was had before the court and a jury, and judgment was entered against him. When the suit was commenced, August 3, 1911, he was a resident of the territory included in the former village of Morgan Park, which had been annexed to the city of Chicago by annexation proceedings pursuant to an election held April 4, 1911. While the suit was pending the village of Morgan Park filed a bill in chancery to set aside said annexa-

tion proceedings. In this suit the circuit court entered a decree holding the annexation void in accordance with the prayer of the bill, which decree, on appeal to this court, was affirmed at the June term, 1912. (*Village of Morgan Park* v. *City of Chicago,* 255 Ill. 190.) It is true, as contended by plaintiff in error, that the question of the jurisdiction of a court to render a judgment is one of due process of law. (*Booz* v. *Texas and Pacific Railway Co.* 250 Ill. 376.) But such question does not arise in this case. The question would have properly arisen, if at all, on appeal by the plaintiff in error from the judgment rendered against him in the suit in which he was defendant in the municipal court. Such question could not, however, have been considered on appeal from that judgment on the pleadings and issues in that case.

The territorial jurisdiction of the municipal court is confined to the territorial limits of the city of Chicago. (Hurd's Stat. 1913, chap. 37, sec. 28, p. 735; *Wilcox* v. *Conklin,* 255 Ill. 604.) Said section 28 of the Municipal Court act is similar to section 6 of the Practice act, (Hurd's Stat. 1913, p. 1859,) which provides that it shall not be lawful for any plaintiff to sue any defendant out of the county where the latter resides or may be found, except in local actions, etc. Under this section it has been frequently and uniformly held that the statute confers a privilege upon one who is made defendant in a suit, of which he can avail himself if he chooses, but if he does not plead his privilege in apt time he will be regarded as having waived it and submitted to the jurisdiction of the court. (*Kenney* v. *Greer,* 13 Ill. 432; *Waterman* v. *Tuttle,* 18 id. 292; *Hardy* v. *Adams,* 48 id. 532; *Humphrey* v. *Phillips,* 57 id. 132; *Wallace* v. *Cox,* 71 id. 548; *Drake* v. *Drake,* 83 id. 526; *Mason and Tazewell Drainage District* v. *Griffin,* 134 id. 330.) According to these authorities it was the duty of plaintiff in error to plead to the jurisdiction of the court at the earliest moment. If he had raised the ques-

tion by proper plea or motion and been overruled, the question could have been preserved and raised on appeal or writ of error. He could not enter a general appearance, plead to the merits of the action, go to trial, and then raise such question for the first time after verdict and judgment against him. If he waived his rights so that he could not raise the question in that case it is very clear he cannot raise the question of jurisdiction in the case at bar, and the lower court was precluded from considering such question. A mere allegation in a pleading that a statute is unconstitutional does not confer jurisdiction on the Supreme Court unless the court can see that the question raised is one which may fairly be regarded as debatable. (*Beach* v. *Peabody,* 188 Ill. 75.) When the Supreme Court can see that the constitutional question raised in a case is one which has been settled and is no longer debatable or in doubt, it will not assume jurisdiction of a direct appeal merely to refer to its former decision. (*Boylan* v. *Chicago Title and Trust Co.* 240 Ill. 413.) The Supreme Court cannot take jurisdiction upon the mere statement of counsel that a constitutional question is involved, as it is not the duty of the court to search the constitution to discover some basis on which jurisdiction to entertain the proceedings can be sustained. *Standard Oil Co.* v. *City of Danville,* 199 Ill. 50; *People* v. *City of Chicago,* 238 id. 146.

No other question has been suggested in the briefs of counsel which would give the court jurisdiction, and for the reasons given we are of the opinion that no constitutional question, or any other question that would give this court jurisdiction, is involved or is necessary to be decided in the determination of this case, and it will therefore be transferred to the Appellate Court for the First District.

*Cause transferred.*