462

Helen King, Appellee, v. Bernard W. Snow, Bailiff of the Municipal Court of Chicago, Appellant.

Gen. No. 35,516.

Opinion filed May 17, 1932.

Frank H. Repetto, for appellant.

No appearance for appellee.

Mr. Justice Scanlan delivered the opinion of the court.

In the municipal court of Chicago, Helen King sued Bernard W. Snow, bailiff of the municipal court of Chicago. The defendant was summoned as "Bernard W. Snow (formerly) Bailiff of Municipal Court." The case was tried by the court and there was a finding against the defendant and the damages of the plaintiff were assessed at $851.73. Judgment was entered upon the finding on March 10, 1931. On April 21, 1931, more than 30 days after the entry of the judgment, the defendant moved the court "to quash execution, vacate judgment heretofore entered and dismiss the above entitled cause for want of jurisdiction, appearing upon the face of the said proceeding." From the order entered denying the motion the defendant has appealed.

When the motion came on to be heard the plaintiff objected to the granting of the same upon two grounds, (a) that 30 days had expired since the entry of the judgment and the trial court had therefore no jurisdiction to vacate the judgment, and (b) that the defendant waived the question of jurisdiction by appearing in the cause and not raising that question. To this the defendant answered that "jurisdiction may be raised at any time and is not controlled by the question of term of Court." There is not the slightest merit in the contention that the trial court lacked jurisdiction to enter the judgment. In substance, the statement of claim of the plaintiff alleged, *inter alia,* that about May 31, 1929, Jerome M. Clark sued out a writ of replevin in the municipal court of Chicago in a certain case and that the writ was thereafter served upon the plaintiff and an automobile belonging to the plaintiff was seized by the defendant under the writ, and that thereafter, on March 13, 1930, the cause came on for trial, at which time the court found the right of property in the defendant (plaintiff in this cause) and judgment was entered upon the finding and a *retorno ha-*

*bendo* ordered; that Clark prayed an appeal but abandoned the same, and on March 20, 1930, "the said Helen King had issued out of said court in said case a writ of *Retorno Habendo* and *Fi Fa,* and that said writ was returned August 5, 1930 no part satisfied," and that the said Bernard W. Snow, bailiff of the municipal court, has not made return of the property to her, to the damage of the plaintiff in the sum of $900, etc. In the praecipe order to the clerk of the municipal court the defendant saw fit to omit the pleas he filed in the cause, and from the state of the record and from the position taken by him on the motion to vacate we must assume that he did not raise the question of jurisdiction by apt plea. It is the settled law that want of jurisdiction of the person may be waived, but jurisdiction of the subject matter cannot be conferred on the court by consent of the parties, and the want of it may be raised at any time. That the trial court had jurisdiction of the subject matter of the suit is, of course, undisputed, and the contention raised by the defendant relates to the jurisdiction of the court over the person of the defendant. It is sufficient to say, in answer to the contention, that the defendant should have raised that question by proper plea or motion during the trial of the cause, and he cannot plead to the merits of the action, go to trial, and then raise the question for the first time after verdict and judgment against him. (See *Iles v. Heidenreich,* 271 Ill. 480, 485, 486.)

The defendant, as we read his brief, has attempted to shift his position in this court. He argues that section 16 of the Municipal Court Act, Cahill's St. ch. 37, ¶ 404, provides that the powers, duties and liabilities of the bailiff of the municipal court shall be the same, as near as may be, as those prescribed by law for a sheriff; that by reason of section 6, chapter 125, Cahill's Ill. St., ¶ 6, relating to sheriffs, the plaintiff

in the instant suit was compelled to join with the defendant his bondsman, and that because the plaintiff failed to follow this procedure the judgment in question is unenforceable and therefore void. If there was a nonjoinder of a necessary party the defendant should have pleaded such fact in abatement. He did not do so, and he would have no right to raise that question upon his motion to vacate. Nor does he correctly interpret section 6. That section gives a party the right to prosecute the bond of a sheriff in the name of the People of the State of Illinois for his use, but it does not take away from that party the right to sue the sheriff, the wrongdoer, alone. In the instant case the plaintiff had the undoubted right to sue the defendant, the wrongdoer, in his individual capacity, and this procedure was followed by her. A former sheriff or bailiff of the municipal court may be sued in his individual capacity after he has gone out of office. In the instant case the words in the praecipe, ''Bailiff of the Municipal Court,'' are merely *descriptio personae*. It also appears from the record that when the defendant was summoned his term of office had expired and that Albert J. Horan was then bailiff of the municipal court, and the defendant was summoned as ''Bernard W. Snow (formerly) Bailiff of Municipal Court.'' Had the defendant raised the question of jurisdiction during the trial of the cause it would have availed him nothing.

There is not the slightest merit in the instant appeal, and the judgment order of April 27, 1931, denying the motion of the defendant to vacate and set aside the judgment entered March 10, 1931, is affirmed.

*Affirmed.*

GRIDLEY, P. J., and KERNER, J., concur.