(No. 21549.—

The People of the State of Illinois, Defendant in Error, *vs.* Abe Allen, Plaintiff in Error.

*Opinion filed April 22, 1933.*

PATRICK B. PRESCOTT, JR., and JAMES H. McNEFF, for plaintiff in error.

OSCAR E. CARLSTROM, Attorney General, JOHN A. SWANSON, State's Attorney, and J. J. NEIGER, (EDWARD E. WILSON, and GRENVILLE BEARDSLEY, of counsel,) for the People.

Mr. JUSTICE DUNN delivered the opinion of the court:

This writ of error is prosecuted to review the record of the plaintiff in error's conviction in the criminal court of Cook county for violating the Motor Fuel Tax law. (Laws of 1929, p. 625.) The indictment returned contained seventeen counts, the last of which was *nollied* on the trial. The jury returned a verdict of guilty on the other sixteen counts, and the court sentenced the defendant on each of the first six counts to pay a fine of $500 and to be imprisoned six months in the house of correction of the city of Chicago, the sentences to run consecutively, and on each of the remaining counts to six months' imprisonment in the house of correction, all to run concurrently with the sentence on the sixth count. The offenses of which the defendant was convicted were misdemeanors, but the writ of error was sued out of the Supreme Court on the ground that constitutional questions are involved.

The sixteen counts on which the defendant was found guilty are substantially alike, and each charges that the defendant, Abe Allen, on the first day of a specified month, and continuously thereafter during said month, in the county of Cook, in the State of Illinois aforesaid, transported into the State of Illinois and into the county of Cook, and received in the county of Cook, a large amount of motor fuel

transported to him from without the State for sale and use in the State, the quantity of motor fuel so transported and received during the month being more than twenty gallons but the exact amount thereof being to said grand jurors unknown, and then and there sold within the county of Cook a large amount, to-wit, the amount so received, and then and there collected from the purchasers of said motor fuel a tax of three cents per gallon on all motor fuel so sold by him as aforesaid, and then and there unlawfully and willfully failed and refused, and still unlawfully and willfully fails and refuses, to make payment to the Department of Finance of the State, or to the State, of the amount of taxes, or of any part thereof, so collected on said sales. The first count is for the month of March, 1930, and each succeeding count lays the charge one month later than the count preceding it.

The sections of the constitution whose violation is supposed to give the Supreme Court jurisdiction of this writ of error are sections 2 and 9 of article 2 and section 13 of article 4. Section 9 of article 2 provides that in all criminal prosecutions the accused shall have the right to a speedy public trial by an impartial jury of the county or district in which the offense is alleged to have been committed. The plaintiff in error contends that his motion to quash the indictment should have been sustained because it alleged that the offense was committed in one county but named as the place of the offense a place legally established in another county, and that by the overruling of the motion to quash he was deprived of his constitutional right to a trial in the county in which the offense was alleged to have been committed. The argument is that the payment of the tax can only be made to the Department of Finance, that the department is located in the capitol building at Springfield, in Sangamon county, that the court will take judicial notice of the fact that the department has no branch office in Cook county, and that the venue in an indictment for failing to account

must be laid in the county where the accused was under an obligation to account.

The Department of Finance is created by the Civil Administrative Code, which provides in section 17 that each department of the State government shall maintain a central office in the capitol building at Springfield in rooms provided by the Secretary of State. It further provides, however, that the director of each department may, in his discretion, with the approval of the Governor, establish and maintain at places other than the seat of government branch offices for the conduct of one or more functions of his department. The court does not take judicial notice that a branch office of a department has or has not been established at any place within the State other than the seat of government. That is a matter for proof. It is true that in an indictment for embezzlement, consisting of failure to account, we have held that the venue must be laid in the county and State where the accused was under an obligation to account. (*Kossakowski* v. *People*, 177 Ill. 563; *People* v. *Davis*, 269 id. 271.) This is not an indictment for embezzlement. Each count of this indictment is for a failure and refusal to pay the tax collected by the defendant during the calendar month specified in the particular count on or before the twentieth day of the succeeding calendar month. The allegation is that the motor fuel was sold, the tax was collected and the failure and refusal to pay occurred within the county of Cook. The offense was therefore alleged to have been committed in the county of Cook, and that was the county in which the constitution guaranteed to the defendant a trial by jury. No constitutional question was raised by the motion to quash or the trial of the plaintiff in error in Cook county.

The constitutional objection under section 13 of article 4 of the constitution is to the validity of sections 6 and 13 of the Motor Fuel Tax law because those sections are not within the title of the act. The title of the act is, "An act

in relation to a tax upon the privilege of operating motor vehicles upon the public highways, based upon the consumption of motor fuel therein, and making certain appropriations in connection therewith." Section 6 of the act re-. quires each distributor who sells any motor fuel, to collect from the purchaser at the time of the sale three cents a gallon on all motor fuel sold, and requires him to pay the Department of Finance the amount collected, subject to certain deductions and credits provided for. Section 13 provides for reimbursement to any person who loses motor fuel through any cause, or uses motor fuel, upon which he has paid the amount required to be collected, for any purpose other than operating a motor vehicle upon the public highways of the State, by the Department of Finance. The two sections together merely provide for the collection of the tax from the purchaser, and if any of the motor fuel is not used for operating vehicles upon the public highways the amount of the tax on the motor fuel not so used shall be returned to the payor, so that the purchaser shall not pay the tax upon any motor fuel purchased and not used for operating motor vehicles upon the highways. The statement of the contents of the two sections makes their relation to the subject mentioned in the title so manifest that there can be no debatable question about the title covering those two sections.

Section 2 of article 2 of the constitution provides that no person shall be deprived of life, liberty or property without due process of law, and this section, the plaintiff in error claims, is violated by the action of the court in overruling the motion of the plaintiff in error to require the State to elect upon which count it would proceed. The plaintiff in error argues that the common law procedure of grouping several misdemeanor counts in one indictment is unconstitutional when used for the purpose of verdict and judgment where willfulness is the gist of the action complained of and where the alleged offense is a series

of similar transactions with one common intent running through all the counts. In *People* v. *Elliott*, 272 Ill. 592, an indictment was returned in the circuit court of Macon county against the plaintiffs in error for selling intoxicating liquor in anti-saloon territory. There were seventy-one counts in the indictment, and upon a trial the plaintiffs in error were found guilty on each of the seventy-one counts. Judgment was entered by the court on the verdict, sentencing each of the plaintiffs in error to pay a fine and to imprisonment in the county jail under each count. The court held that the State may join misdemeanors of the same character in the same indictment and the court may fix separate punishments upon each count on which there was a conviction. This practice had been approved by this court before the decision in *People* v. *Elliott* and has been followed since.

In the case of *State* v. *O'Neil*, 58 Vt. 140, the defendant was found guilty of 307 offenses of selling liquor. The punishment was $6140, made up of $20 for each offense, and one month's imprisonment. It was contended that the sentence violated a constitutional inhibition of cruel and unusual punishment and excessive fines. The court said that if the defendant had subjected himself to severe punishment it was because he had committed a great many offenses; that it would scarcely be competent for a person to assail the constitutionality of a statute prescribing a punishment for burglary on the ground that he had committed so many burglaries that if punishment were inflicted for each he might be kept in prison for life, and that the mere fact that cumulative punishments may be imposed for different offenses in the same prosecution was not material.

Counsel for the plaintiff in error draw a distinction between *People* v. *Elliott, supra,* and this case, in that the mere doing of the acts constituted the offense in the *Elliott case,* while in this case the defendant was charged with willfully failing and refusing to make payment to the depart-

ment of a certain amount of motor fuel taxes covering a period of seventeen months, and say that in the latter case deliberate willfulness is the gist of the act and unlawful intent must be proved; that they have been unable to find any case in this jurisdiction where the court has sanctioned the grouping of misdemeanors where the offense was one continuous succession of acts involving the same transaction and only one common intent running throughout the entire series of counts in the indictment. We do not see the force of the attempted distinction. The indictment in this case was not for one continuous succession of acts covering a period of seventeen months involving the same transaction, with only one common intent running throughout the entire time. Section 5 of the statute requires a separate report in the first twenty days of each month of the motor fuel purchased, etc., during the preceding calendar month, and section 6 requires payment to the department of the tax fixed by the act, and provides that whoever willfully fails or refuses to make the monthly return, or to make payment to the Department of Finance as provided either in section 6 or section 7, is guilty of a misdemeanor, and shall be fined not less than $25 nor more than $500, or be imprisoned in the county jail not longer than six months, or be both fined and imprisoned. The statute itself makes the requirement that the collections of the tax for each month constitute one transaction and that the distributor is entitled to a credit of twenty days and no longer, and there is no difference, so far as the intentional violation of the law is concerned and the character of the misdemeanor, between the selling of intoxicating liquor in anti-saloon territory and the refusal to make the report and payment of the motor fuel gas tax.

Counsel for the plaintiff in error state that the grouping of misdemeanors in an indictment for purposes of verdict and punishment was sanctioned as not being in violation of section 2 of article 2 of the constitution, which

requires that the punishment for a crime shall be proportionate to the nature of the offense. This requirement of the constitution is not found in section 2 of article 2, but in section 11 of article 2 it is provided that all penalties shall be proportionate to the nature of the offense. It was held in *People* v. *Elliott, supra,* that this provision is directed to the law-making power, which alone shall determine which acts shall be regarded as criminal and how they shall be punished, and the cumulation of the penalties for several misdemeanors in different counts of one indictment was sustained.

Counsel for the plaintiff in error in their brief contend that the court in cumulating the punishment and in deferring the punishment on counts 2 to 16, inclusive, from six months to two and a half years before the defendant shall begin to serve the same, violated the due process clause of the constitution, and that this error, with the error based on the claim that the judgment violates the defendant's constitutional rights under section 2 of article 2 of the constitution of Illinois and the error in denying a motion of the plaintiff in error to require the State to elect upon which count of the indictment it would proceed, raises the constitutional question on which counsel who tried the case took this appeal to the Supreme Court instead of the Appellate Court. This court does not acquire jurisdiction of a direct appeal or writ of error to review the judgment of a trial court by the mere statement of counsel that a constitutional question is involved. (*Iles* v. *Heidenreich,* 271 Ill. 480; *St. Louis Transfer Co.* v. *Canty,* 103 id. 423; *Rowell* v. *Covenant Mutual Life Ass'n,* 176 id. 557; *Boylan* v. *Chicago Title and Trust Co.* 240 id. 413.) No fairly debatable constitutional question appears to be involved in the judgment of the criminal court, and a writ of error does not lie from this court to review the record.

The cause is transferred to the Appellate Court for the First District.

*Cause transferred.*