People of the State of Illinois, Defendant in Error, v.
Peter G. DeMet, Plaintiff in Error.

Gen. No. 40,006.

Opinion
filed June 30, 1938.

STEBBINS, MCKINLEY & PRICE, of Chicago, for plaintiff in error; W. G. ANDERSON, CHRIS. D. TOULON and LOUIS DENNEN, of Chicago, of counsel.

OTTO KERNER, Attorney General, for defendant in error; MORTIMER PORGES and PHILIP J. SIMON, Assistant Attorneys General, of counsel.

MR. JUSTICE MATCHETT delivered the opinion of the court.

Defendant was tried under an information filed by the Attorney General December 30, 1937, charging him with violation of section 13 of the Retailers' Occupation Tax Act (Ill. Rev. Stat. 1937, ch. 120, par. 452, sec. 13, p. 2726 [Jones Ill. Stats. Ann. 119.480]) found

guilty and sentenced to confinement in the county jail of Cook county for a period of 90 days and to pay the costs of prosecution. Motions for a new trial and in arrest were overruled and judgment entered to reverse which this writ of error has been sued out.

The information charged that defendant, "during all of the calendar month of June, A. D. 1937, at Chicago, Illinois, engaged in the business of selling tangible personal property at retail, and that the said Peter G. DeMet, on the 15th day of July, A. D. 1937, *at Chicago, in the County of Cook, in the State of Illinois,* did then and there, unlawfully fail *to make a return to the Department of Finance of the State of Illinois,* etc."

It is contended the information is fatally defective in that while by statute the office of the State Department of Finance to which defendant was obligated to report is located in Springfield, Sangamon county, Ill. Rev. Stat. 1937, ch. 127, sec. 17 [Jones Ill. Stats. Ann. 126.136], the information lays the venue of the alleged offense in Chicago, Cook county, Illinois, without any averment that a branch office of the State Department of Finance has been established in Cook county. Defendant says that it has been held that the court will not take judicial notice that any such branch office has been established, and that the municipal court of Chicago was therefore wholly without jurisdiction to enter judgment against him.

Both parties rely upon *People v. Allen,* 360 Ill. 36. The State also cites *People v. Cepek,* 357 Ill. 560. In *People v. Allen,* the defendant was convicted of a violation of the Motor Fuel Tax Law. The indictment there charged that the defendant transported from without the State into Cook county, Illinois, a large amount of fuel oil which he sold to purchasers, collecting from them a tax of 3 per cent, which he wilfully refused to pay to the Department of Finance, con-

trary to the statute, etc. The indictment was in 16 counts and the defendant was found guilty on all of them. The defendant sued out a writ of error in the Supreme Court (*People v. Allen,* 352 Ill. 262) contending that certain constitutional rights of the defendant had been violated, in particular that a motion to quash the indictment should have been sustained because while the venue was laid in Cook county, it charged the actual place of the offense to be in another county. This, it was claimed, deprived the defendant of his constitutional right to a trial in the county in which the offense was alleged to have been committed contrary to section 9 of article 2 of the Constitution. The court said:

"The Department of Finance is created by the Civil Administrative Code, which provides in section 17 that each department of the State government shall maintain a central office in the capitol building at Springfield in rooms provided by the Secretary of State. It further provides, however, that the director of each department may, in his discretion, with the approval of the Governor, establish and maintain at places other than the seat of government branch offices for the conduct of one or more functions of his department. The court does not take judicial notice that a branch office of a department has or has not been established at any place within the State other than the seat of government. That is a matter for proof. It is true that in an indictment for embezzlement, consisting of failure to account, we have held that the venue must be laid in the county and State where the accused was under an obligation to account. (*Kossakowski. v. People,* 177 Ill. 563; *People v. Davis,* 269 id. 271.) This is not an indictment for embezzlement. . . . The allegation is that the motor fuel was sold, the tax was collected and the failure and refusal to pay occurred within

the county of Cook. The offense was therefore alleged to have been committed in the county of Cook, and that was the county in which the constitution guaranteed to the defendant a trial by jury. No constitutional question was raised by the motion to quash or the trial of the plaintiff in error in Cook county.''

The cause was transferred to this court and is reported in *People v. Allen,* 276 Ill. App. 28. In the opinion in that case this court said:

''It would be a defense to show that the tax collected was paid to the proper collection official of the State of Illinois, whether at the seat of government or at a branch office. The fact remains that the defendant still has the money collected as a tax on gasoline sold by him, which he admits he did not report to the proper office in the manner provided for by the statute. From these facts as they appear in the record and upon consideration of what the Supreme Court said upon this very question, which is hereinbefore quoted, this court is of the opinion that there is evidence sufficient to establish the venue in Cook county.'' The judgment was affirmed. The defendant sued out a writ of error from the Supreme court which is disposed of in *People v. Allen,* 360 Ill. 36. The opinion of the Supreme Court disallowing other alleged errors, held:

''The defendant next contends that the venue was not proved. It is well settled that in an indictment for embezzlement the venue is properly laid in the county where the accused was under a duty to account. (*People v. Davis,* 269 Ill. 256.) In *People v. Kopman,* 358 Ill. 479, where the defendant was charged with embezzling motor fuel tax money, we held that the venue was correctly laid in Sangamon county. The statute (Smith's Stat. 1933, chap. 127, sec. 17) requires the Department of Finance to have its central office in the capitol building, in Springfield. We will not

take judicial notice that branch offices have been established, (*People v. Allen,* 352 Ill. 262) and in the absence of proof to the contrary the place where the defendant is under obligation to account is in Springfield. The same reasoning applies to this prosecution under section 15 of the Motor Fuel Tax act, and the State capitol is the place where Allen was under a duty to pay the tax money to the Department of Finance in the absence of proof that there was a branch office of that department in Cook county authorized to receive payment. What we said in *People v. Allen,* 352 Ill. 262, when this cause was first before us, *concerned the allegation, and not the proof,* of the venue in Cook county. The rule adopted with reference to venue in embezzlement cases applies with equal force to prosecutions under section 15 of the Motor Fuel Tax act. In both offenses the venue should be laid where the defendant is bound to account or pay over the money. The Appellate Court ruled adversely on this contention for the reason that it would be a defense if it were shown that the tax collected had been paid to the proper collection official, whether at the seat of government or at a branch office, and no such defense was made. But the People were obliged to prove that there was a branch office in Cook county duly authorized to receive payment. The defense of payment was not an issue in this cause.

"The other assignments of error need not be considered.

"For failure of proof of venue the judgment must be reversed and the cause remanded."

Section 3 of the Retailers' Occupation Tax Act provides that the vendor shall at the same time he makes the required return, pay to the State Department of Finance the amount of the tax imposed. The duty to make the return includes the duty of paying the tax to the State Department of Finance. The pro-

visions of the Motor Fuel Tax Law construed in *People v. Allen,* and the provisions of the Retailers' Occupation Tax Act, here construed, are similar and analogous. The State, however, contends that since the evidence is not preserved the court will presume that, if preserved, it would show that a branch office was located in Chicago, Illinois; that if establishment of such branch office was essential, then the court must presume that such proof was made, there being no record of proceedings at the trial court. (*People v. Leoni,* 198 Ill. App. 376.) This is undoubtedly true. On the other hand, if it was necessary to a conviction that proof be made of the creation of a branch office in Chicago, Cook county, Illinois, it was also necessary that this material allegation should be set up in the information in order to confer jurisdiction on the trial court.

In *Gunning v. People,* 189 Ill. 165, the Supreme Court said: "Proofs *without allegations* are as ineffectual as allegations without proof. . . . All necessary facts should be pleaded with reasonable certainty, and Section 6, Division 11 of the Criminal Code has not dispensed with that rule."

The information was therefore defective. The information is also defective in that it fails to allege that the failure to report and pay on defendant's part was intentional and wilful. (Ill. Rev. Stat. 1937, ch. 38, div. II, sec. 8, ¶ 588, p. 1174 [Jones Ill. Stats. Ann. 37.549].) The motion in arrest of judgment should have been allowed.

*People v. Cepek,* 357 Ill. 560, is distinguishable. In that case the defendant was indicted in Cook county, Illinois, for making or causing to be made a false and fraudulent report of the resources and liabilities and financial condition of the Millard State Bank, in Chicago, Cook county, Illinois. The evidence shows that

the report was made, subscribed and sworn to in Cook county, and the court said that the fact that the report, after it was made, was sent to the auditor's office in Springfield was immaterial. The venue is a controlling element in the statement of the commission of a criminal offense. (*People v. Powell,* 353 Ill. 582, 590.)

The judgment is reversed.

*Reversed.*

McSurely, P. J., and O'Connor, J., concur.