(No. 25485.— )
The People *ex rel.* O. E. Northrup *et al.* Appellees, *vs.*
The City of Chicago *et al.* Appellants.

*Opinion filed June 14, 1940.*

BARNET HODES, Corporation Counsel, (FRED V. MA-GUIRE, and WALTER V. SCHAEFER, of counsel,) for appellants.

JAMES W. BREEN, for appellees.

Mr. JUSTICE MURPHY delivered the opinion of the court:

The People, on the relation of O. E. Northrup and other relators, instituted a *mandamus* proceeding in the circuit court of Cook county to compel the appropriation and payment by the proper authorities of the city of Chicago of certain sums claimed by relators to be balances due on their respective salaries as aldermen of the city. Relators' terms of office were for various periods of time between January 1, 1932, and December 1, 1935. Prior to the beginning of the tenure of office of any of relators, and continuing during the entire period for which payment is claimed, there was an ordinance of the city which fixed the annual salary of aldermen at $5000, and the member who served as chairman of the finance committee at $8500. In the appropriation ordinances of 1932, 1933, 1934 and 1935, the appropriation for salaries of aldermen was reduced so that each alderman received less than the amount fixed by the salary ordinance. The amounts so appropriated were paid in monthly installments and relators accepted same. Different amounts were appropriated and paid in the various years but it is not necessary to note the difference.

Relators' claims are for the difference between the amounts appropriated and paid each year and the annual salary fixed by the ordinances. Relators alleged in the petition that they are municipal officers and that section 11 of article 9 of the constitution prohibited a reduction in salary during their respective terms. The answer admits that relators are municipal officers but states that during the years in controversy the whole country was in the throes of a financial depression, and to maintain the credit of the city and to alleviate as far as possible the burden of taxation, it was necessary to make a drastic reduction in governmental expenditures; that the curtailment of expenses was general and effected a reduction in the essential services of the city government, including salaries of its officers and compensation of its employees, and that, by reason of such emergency, the reduction was justified and does not violate the constitutional provision. It is also alleged in the answer that since relators (all but relators Mills and Feigenbutz, in 1932,) voted for the appropriation ordinances, they are estopped to claim more salary; that the acceptance by them of the amounts appropriated was a waiver of the balance; that such balance should be treated as a gift from relators to the city and that their delay in making demand and instituting suit bars their right of action. The facts were stipulated. A writ was awarded and respondents appealed direct to this court on the ground that a constitutional question was involved.

The constitutional question urged arises out of the appropriation of an insufficient amount to pay relators' salaries as fixed by the salary ordinance, and respondents' defense thereto that such reduced appropriation was justified by the emergency caused by the depressed financial conditions. The effect of the constitutional provision upon the city's right to reduce salaries of municipal judges in the city of Chicago under such an emergency was considered and decided in *People* v. *City of Chicago,* 360 Ill. 25. In

that case it was held that where a law, either by express provision or necessary implication, provides for an emergency, departure from its terms is permissible to accommodate the law to the emergency, but the justification for such departure must be found within the law and does not arise from the emergency.

The facts pleaded to establish an emergency in the instant case are substantially the same as those relied upon by the same respondents in the former case and the ordinance provisions are the same. The decision of the constitutional question in the prior case settled that point so that it was no longer debatable and the raising of the question again in the instant case did not furnish jurisdictional grounds for a direct appeal to this court. Before this court can take jurisdiction of a direct appeal from a trial court on the ground that a constitutional question is involved, the question must exist, it must be presented by the case and it must be fairly debatable. *People* v. *Allen,* 352 Ill. 262; *Baccus* v. *Gunderson,* 338 id. 301; *Burns* v. *Illinois Central Railroad Co.* 258 id. 302.

In addition to the constitutional question mentioned, respondents pleaded estoppel, waiver and *laches,* and by such defenses, in effect, admitted the illegal reduction in the salaries to relators but sought to avoid its effect by applying the rules of estoppel, waiver, *laches* and gift. Such defenses are founded upon the acts and conduct of the relators and do not raise a constitutional question.

The cause is transferred to the Appellate Court for the First District. *Cause transferred.*