**People of the State of Illinois, Plaintiff-Appellant,
v. Charles J. Wallace, Defendant-Appellee.**

**Gen. No. 11,187.**

Fourth District.

July 30, 1970.

Allen F. Bennett, State's Attorney of Moultrie County, of Sullivan, for appellant.

Glenn & Logue, of Mattoon (Ralph C. Glenn, of counsel), for appellee.

TRAPP, J.

The trial court dismissed five counts of an indictment charging the defendant with official misconduct as Township Highway Commissioner of Sullivan Township, Moultrie County, Illinois. The prosecution appeals.

The trial court's order dismissing such counts entered upon defendant's motion to dismiss, included the language:

> ". . . as it appears on the face of said counts that the acts charged are not committed within Moultrie County and it does not appear that any of said acts were among those mentioned as exceptions to the rule that criminal acts be prosecuted in the county in which they occurred."

The several counts in issue are substantially similar in form and content, undertaking to allege the offense of official misconduct through violation of chapter 38, § 33–3(c), Ill Rev Stats 1967:

> "A public officer or employee commits misconduct when, in his official capacity, he commits any of the following acts: . . . .
> "(c) With intent to obtain a personal advantage for himself or another, he performs an act in excess of his lawful authority; . . . ."

Each count alleges that defendant, as Sullivan Township Highway Commissioner, a public officer or employee, with intent to obtain a personal advantage for himself, performed an act in excess of his lawful authority. Each count sets forth a specified date upon which the Township Highway machinery was used for the purpose of completing a personal business transaction:

> ". . . at a location outside the territorial limits of Sullivan Township, County and State aforesaid; . . . ."

Upon appeal, it is the theory that at least part of the alleged acts occurred in Moultrie County, upon the argument that preparation to go on each of the several jobs had to take place in Sullivan Township, Moultrie County, and that the machinery had to be moved through and

456

across that Township and County enroute to the several places where the work was done. During the course of the oral argument, several factual situations were suggested to counsel which would not include the acts or conduct argued.

Without considering the sufficiency of such acts, as argued, to constitute an offense, if they were, in fact, charged, it suffices to say that there are no allegations in the indictment averring such acts or conduct. The only conduct charge is the use of the equipment at a place, ". . . outside of the Township, County and State aforesaid. . . ."

█ The Constitution, Art 2, § 9, provides:

"In all criminal prosecutions the accused shall have the right to . . . a speedy public trial by an impartial jury of the county or district in which the offense is alleged to have been committed."

█ The charge that an offense was committed within any particular county is a material averment which must be proven, and it is the duty of the prosecution to allege where the offense was committed. The People v. Allen, 413 Ill 69, 107 NE2d 826. Where there is a failure to allege the county in which the offense occurred, the jurisdiction of the court is not established. People v. Hill, 68 Ill App2d 369, 216 NE2d 212.

█ There is no averment of an act or offense in Moultrie County.

The order of the trial court is affirmed.

Affirmed.

SMITH, P. J. and RICHARDS, J., concur.