THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
SUNNY CUT-RATE LIQUORS, INC., Defendant-Appellant.

First District (5th Division)    No. 76-47

Opinion filed April 7, 1977.

Lee J. Schwartz and Daniel L. Houlihan, both of Chicago, for appellant.

William J. Scott, Attorney General, of Chicago (James B. Zagel, Jayne A. Carr, and Steven J. Rosenberg, Assistant Attorneys General, of counsel), for the People.

Mr. PRESIDING JUSTICE SULLIVAN delivered the opinion of the court:

After a bench trial, defendant, Sunny Cut-Rate Liquors, Inc., was convicted on each of five complaints charging the filing of fraudulent Retailers' Occupation Tax returns. Fines and costs totalling $550 were assessed against defendant. The secretary of defendant corporation, who had prepared and filed the returns, was acquitted on five separate complaints.

In its appeal, defendant presents the following issues for review: (1) whether a complaint which charges a criminal offense must be dismissed

where it did not indicate on its face that a probable cause hearing was held; (2) whether a misdemeanor prosecution is barred if not brought within 18 months of the alleged violation; (3) whether a conviction must be reversed where the State failed to prove venue; (4) whether a corporation may be found guilty of an offense where the corporate officer charged with performing the acts complained of is found innocent; and (5) whether the Attorney General could properly prosecute the charges.

Because of the view we take of this case, we will discuss only the venue issue. In this regard, it is noted that the complaints charged the filing of the fraudulent returns took place in Chicago, Illinois. No report of proceedings was filed, but "an agreed statement of facts" was presented from which it appears that testimony was received from only one person, a witness for the State, who stated that defendant and its secretary had filed fraudulent tax returns for the months of August through December, 1971. After defendant was found guilty, the trial court denied its motion in arrest of judgment which, *inter alia*, alleged a failure to prove venue.

OPINION

■■ That a crime was committed in a particular county is a material element of the State's case which must be pleaded in the charging document (*People v. Wallace* (1970), 125 Ill. App. 2d 455, 261 N.E.2d 214), and like any other element, it must be proved beyond a reasonable doubt (*People v. Pride* (1959), 16 Ill. 2d 82, 156 N.E.2d 551; *People v. Allen* (1952), 413 Ill. 69, 107 N.E.2d 826; *People v. Long* (1950), 407 Ill. 210, 95 N.E.2d 461). The conviction must be reversed where the State fails to establish the location of the offense. *People v. White* (1975), 26 Ill. App. 3d 659, 325 N.E.2d 313.

Defendant entered pleas of not guilty to each of the complaints, and we note that the county in which the tax returns were filed does not appear in the agreed statement of facts or elsewhere in the record. The parties are in accord, however, that at the time the returns were filed, under section 1—6 of the Criminal Code, venue was proper in the county where the crime or any part thereof occurred (Ill. Rev. Stat. 1971, ch. 38, par. 1—6), but they disagree as to the application of this statute to the facts here.

It is the contention of defendant that because the State brought these actions in Cook County, it was incumbent upon it, by virtue of section 1—6, to establish venue there; that is, to prove that the returns were filed in Cook County and, because there was no such proof, he argues that the judgment should be reversed. The State makes no assertion that the returns were in fact filed in Cook County but, nevertheless, it maintains that venue was proper there because it is the location of defendant's principal place of business. Its position in this regard was set forth as follows:

"[T]he new venue provision of the Retailer's Occupation Tax Act (S.B. 55, P.A. 79—1111) mandates that venue be laid in the county of the defendant's principal place of business. In a sense, this new provision is more restrictive than that which was used earlier, namely, Chap. 38, Sec. 1—6, Ill. Rev. Stat. (1971), which provided that venue could be laid in any county in which the crime itself, or any part thereof, took place. Surely, if the venue provision of the new law would be satisfied as it would be in this case, then *a fortiori*, the earlier venue provision would be satisfied."

No authority for this conclusion appears in the State's brief; however, during oral argument it referred us to *People v. DeMet* (1938), 296 Ill. App. 215, 16 N.E.2d 133, as being supportive, but we believe it to be inapposite.

In *DeMet*, defendant was tried under a criminal information charging a failure to make a tax return which he was obligated to pay to the Department of Finance, whose central office was required by law to be in the capitol at Springfield, in Sangamon County. The action was brought and tried in Cook County, and the court held that, in the absence of proof of a branch office of the Department in Cook County, venue should have been laid in Sangamon County. The court refused to take judicial notice of such a branch, and the conviction was reversed. Neither do *People v. Cepek* (1934), 357 Ill. 560, 192 N.E. 573, or *People v. Allen* (1935), 360 Ill. 36, 195 N.E. 478, both of which were discussed in *DeMet*, give any solace to the State. In *Cepek*, the offense charged was the making of a false bank report. The State's proof established it was made in Cook County where the action was brought, and the court held that venue was properly placed there. In *Allen*, the indictment charged that defendant collected a fuel tax but failed to pay it to the State. He was required to pay it to the Department of Finance in Springfield, but was indicted and tried in Cook County. The court held that venue was not established in Cook County because there was no proof that the Department had a branch office there which was authorized to receive the tax payments and that it would not take judicial notice of such an office.

■■■ In the instant case, not only was there a failure to show a branch office of the Department in Cook County but there is also a complete lack of proof as to the county in which the returns were filed. We see no merit in the contention of the State that the amendment to section 13 of the Retailers' Occupation Tax Act (Ill. Ann. Stat., ch. 120, par. 452 (Smith-Hurd 1977 Supp.)), which places venue in the county of the taxpayer's principal place of business, is controlling on that question here. The amendment was not effective until November 21, 1975; whereas, the filings of the tax returns here were in 1971. The State offers no basis for a retroactive application of this amendment, and we see none.

In view of the foregoing, we conclude that venue in Cook County was not established, and the conviction will be reversed. See *Pride; White.*

Reversed.

LORENZ and MEJDA, JJ., concur.